[No. 9761.  In Bank.—August 13, 1896.]

## In re W. B. TREADWELL.

REINSTATEMENT OF DISBARRED ATTORNEY.—Where an attorney was disbarred for the misappropriation of moneys intrusted to his keeping, and it subsequently appears that the money had been fully refunded and repaid to those entitled thereto, and that his conduct subsequent to his disbarment has been above reproach, and a strong showing is made by prominent attorneys of high professional standing that his reinstatement will in no way bring discredit upon the profession of the law, an application for his reinstatement will be granted.

ID. — JUDGMENT OF DISBARMENT NOT CONCLUSIVE FOR ALL TIME. — An order or judgment of disbarment of an attorney is not necessarily final and conclusive for all time, and does not preclude the court for good cause from setting it aside and restoring the delinquent attorney.

APPLICATION in the Supreme Court for the restoration of W. B. Treadwell to the roll of attorneys.

The facts are stated in the opinion of the court.

*E. B. & George H. Mastick*, for the Application.

THE COURT.—On the second day of April, 1885, on proceedings had therefor, an order was made and entered by this court striking the name of W. B. Treadwell, then an attorney of this court, from the roll of attorneys and counselors, and prohibiting him from practicing as such attorney, upon the ground that said Treadwell had, in his capacity as such attorney, been guilty of misappropriating moneys intrusted to his keeping.

An application is now made in behalf of Mr. Treadwell by E. B. and George H. Mastick, attorneys of this court in good standing, asking that he be restored to said roll of attorneys. The sworn petition shows that

continuously since the first day of January, 1887, Mr.
Treadwell has been in the employment, as general as-
sistant and confidential managing clerk, of the law firm
composed of these petitioners and the late W. C. Belcher,
down to the death of Mr. Belcher in September, 1895,
and that since said date said Treadwell has continued
in the employment of petitioners in a like capacity. It
states:

"That during the nine years which have elapsed
since said Treadwell entered their employment, as afore-
said, petitioners have reposed in him the most implicit
confidence, and have given him the management of
matters of great importance, requiring the utmost care,
secrecy, and good faith, and have intrusted to him large
sums of money and property belonging to themselves
and others. That their confidence in him has never
been betrayed, and that they have always found him to
be careful and trustworthy in the highest degree.'

"That during all of said time petitioners have had
frequent social intercourse with said Treadwell and
members of his family, and can and do truly certify to
his good character as a husband and parent, and as a
moral and upright citizen of this community.

"That the conduct of said Treadwell since the said
first day of January, 1887, has ever been such as to in-
spire confidence in his character, honor, and integrity,
and to warrant this application to the court in his be-
half, and it is their firm belief and opinion that he can
be safely admitted to practice again, and intrusted with
the affairs of clients."

It is further shown that the money, the appropriation
of which caused the disbarment of Treadwell, has been
by him fully refunded and repaid to those entitled
thereto.

The petition is accompanied by personal letters and
recommendations addressed to the court from a large
number of the prominent attorneys and law firms prac-
ticing before this court, all of the highest professional
standing, many of the judges and ex-judges of our su-

perior court and others, all uniting in the request of said petition, and urgently asking the granting of the same, and stating in substance that, from their personal knowledge and observation of the life and character of Mr. Treadwell since his disbarment, they sincerely believe him to have fully atoned the wrong committed by him; that his whole course of conduct since said disbarment has been above reproach, and that they regard him, notwithstanding his one misstep, as a man of high moral character, of great industry and ability, and one whose reinstatement at the bar will in no way bring discredit upon the profession of the law.

This showing is a very strong one, and presents a case which we think should justly move us to grant the application.

An order or judgment of disbarment is not necessarily final or conclusive for all time, and does not preclude the court for good cause from setting it aside and restoring the delinquent attorney. This has been established from an early date. In *Rex* v. *Greenwood*, 1 W. Black. 221 (A. D. 1760), the report of the case is as follows: "Greenwood was an attorney of this court, and about two years ago was struck off the rolls for malpractice; and was now, upon humble petition and motion, readmitted; the court declaring that the striking off the roll was not to be understood as a perpetual disability, but was sometimes only meant as a punishment, and might be considered in the light of a suspension only, if the court sees cause."

In an anonymous case, 17 Beav. 485 (A. D. 1852), a solicitor had been disbarred for fraudulent misappropriation of moneys. Ten years afterward, on the memorial of a number of solicitors, he was reinstated—the master of the rolls (Sir John Romilly) saying: "I have considered this case, and I have determined to restore this gentleman to the roll. Though he was very properly struck off, yet, considering the great length of time that has elapsed, and the great suffering that he has endured by reason of the order, considering the testi-

monials to his good behavior and conduct, and that the application is supported by so many solicitors of Birmingham, who have certified to that effect, and the absence of any opposition on behalf of that most useful and intelligent body in London, the Law Institution, I have come to the conclusion that I shall best act by restoring this gentleman to the roll of solicitors."

In *Ex parte Pyke,* 6 Best & S. 703 (A. D. 1865), the court restored a disbarred attorney on the ground of good conduct for a long period after disbarment, saying: "Both on principle and precedent, sentences of exclusion from either branch of the profession need not necessarily be exclusions forever."

No cases holding to the contrary view have come to our attention, nor do we find anything in the statute of this state to alter this rule. That statute merely regulates the procedure, and in no wise defines the effect of the order upon the powers of the court. That effect must be determined by the ordinary rules of law, which, as we have shown, authorize the court to mitigate the sentence upon a showing of good cause arising subsequently.

We think, therefore, that upon the showing made and the authorities above cited the application should be granted.

It is, therefore, ordered that the said W. B. Treadwell be and he is hereby restored as an attorney and counselor of this court, and that his name be reinstated upon the roll of attorneys thereof, and that he be entitled henceforth to practice in all the courts of this state.