In re BOONE.

(Circuit Court, N. D. California. December 12, 1898.)

No. 12,455.

ATTORNEYS—DISBARMENT—READMISSION TO PRACTICE.

A judgment of disbarment does not preclude the court from afterwards readmitting the disbarred attorney to the bar of the court upon his full acquiescence in such judgment, and for reasons and upon assurances satisfactory to the court.

On motion of S. C. Denson for the readmission of John L. Boone as an attorney and counselor of the court.

S. C. Denson, for the motion.
Crittenden Thornton, for petitioner A. B. Bowers.

MORROW, Circuit Judge. The petition of John L. Boone, presented to the court by Judge S. C. Denson, on a motion to readmit the petitioner to practice as an attorney and counselor of this court, shows that on the 23d day of July, 1877, the petitioner was duly and regularly admitted to practice as an attorney and counselor of this court; that for 20 years thereafter, and up to and about the 23d day of December, 1897, he was a member of the bar of this court, and had and enjoyed a large practice before the court, and was recognized both by the bench and bar of this court as an honest, upright, and successful attorney; that on the 16th day of August, 1897, A. B. Bowers filed a petition in this court charging that petitioner had committed an unprofessional act, in seeking to be retained against him in a case where the petitioner had been the former attorney of said Bowers, and in charging that a decree which had been obtained from this court by said Bowers while the petitioner was acting as his attorney had been obtained by fraudulent means; that Bowers in his said petition asked that the petitioner be disbarred from practicing in this court; that, after a hearing of said matters, an order was, on the 23d day of December, 1897, made and entered by this court, perpetually disbarring petitioner from practicing in this court. The petitioner shows that he is 56 years of age, and has a large family dependent upon him for education and support; that he has spent most of his life in the practice of his profession, principally in this court, and in his special line of practice he is compelled to practice in this court, or cease his practice entirely; that he has no other business or occupation, and, unless he is permitted to resume his practice in this court, his family

will suffer, and both he and they will be remitted to penury and want; that he has expended a large portion of his life earnings in the purchase of a law library, suitable for his line of special practice, all of which must be sacrificed and useless unless he be permitted to resume his practice in this court.	The petitioner further states that he fully and freely, and without reservation, accepts the law and the facts as stated in the opinion of the court disbarring him, and confesses that he committed an infraction of the rules there set out, and that he throws himself upon the mercy of the court.	He further promises that, should he be reinstated by the judges of this court, he will in future observe the law as laid down in the said decree disbarring him, and will in all respects act honestly and uprightly.	This petition is accompanied by another, signed by 200 members of the bar of San Francisco, representing that they and each of them have been acquainted with Mr. Boone for many years, and have always found him to be an upright, conscientious, and capable attorney, and they recommend his reinstatement as an attorney of this court.

It will not be necessary to review the proceedings in the action for disbarment.	They are fully stated in the opinion of the court in Re Boone, 83 Fed. 944.

The supreme court of this state, in passing upon the petition for the restoration of W. B. Treadwell to the roll of attorneys (114 Cal. 24, 45 Pac. 993), held that:

"An order or judgment of disbarment is not necessarily final or conclusive for all time, and does not preclude the court, for good cause, from setting it aside, and restoring the delinquent attorney."

It is perhaps beyond the power of this court to set aside a judgment of disbarment entered at a prior term of the court; but it is not perceived why the petitioner may not be readmitted as an attorney of this court if he possesses the qualifications required by rule 1 of the court. That rule provides:

"No person shall be admitted to practice as an attorney or counselor in this court, unless he shall have been previously admitted in the supreme court of the United States, or the supreme court of this state, or the highest court of a sister state, or of an organized territory of the United States.	Satisfactory evidence of good moral character will be required.	The applicant, upon his admission, shall sign the roll of attorneys and counselors, and take and subscribe the following oath, to wit: 'I solemnly swear (or affirm) that I will support the constitution of the United States; that I will bear true faith and allegiance to the government of the United States; that I will maintain the respect due to the courts of justice and judicial officers; and that I will demean myself as an attorney and counselor of this court uprightly.'"

The petitioner is a member of the bar of the supreme court of this state, and has produced as evidence of his good moral character the indorsement of the leading members of the bar of San Francisco that he is worthy to be readmitted to the bar of this court.	The judgment and proceedings against the petitioner in the action for his disbarment would, under ordinary circumstances, be a sufficient answer to a petition for his reinstatement; but the fact that the petitioner has fully and freely admitted the correctness of the judgment of the court in that matter, and has promised, if readmitted, to faithfully observe all the duties and obligations of an attorney and counselor of the

court, commends his petition to the consideration of the court, notwithstanding that judgment. The motion, as presented in court by a leading member of the bar, and the assurance with which it has been supported, appear, under all the circumstances, to justify the court in giving it favorable consideration. It is therefore ordered that John L. Boone be admitted as an attorney and counselor of this court upon taking the usual oath.