## IN RE APPLICATION OF JOHN HARRIS FOR ADMISSION TO THE BAR.

Argued February Term, 1901—Decided July 15, 1901.

Reasons for refusing the application of John Harris' application for admission to the bar—disreputable conduct and want of good moral character.

---

Before Justices VAN SYCKEL, GARRISON and GARRETSON.

The opinion of the court was delivered by

VAN SYCKEL, J. In 1894 proceedings were taken to disbar John Harris.

The committee of the Camden bar association formulated charges and took testimony to support them.

John Harris had due notice of the taking of the testimony, and at times was present and at other times did not attend.

*First.* The testimony showed that in November, 1890, Harris collected $225 for his client, Gilbert Hires, and appropri-

ated the same to his own use, willfully concealing from his client the fact of the collection.

*Second.* That in or about 1893, Harris collected for one James Bell $600 on a mortgage and appropriated it to his own use, having willfully concealed from his client the fact that he had collected it.

*Third.* That about the same time he collected for Mrs. Bell a mortgage of $1,500, which he failed to pay to her, but when pressed for the money he gave her a mortgage on his own property for that sum which he told her was a first mortgage. This mortgage purported to have been duly executed and recorded in the office of the register of deeds of Camden county (by certificate thereon endorsed), in book 106 of mortgages. The register of deeds testified that the said certificate was false and fraudulent, and that the last book in which mortgages were recorded was No. 62.

The bar committee reported to the bar association that they found the first two charges to be proven, and recommended that he be expelled from the Camden bar association, of which he was a member.

As to the third charge the committee reported that they did not deem it advisable to make any present report, as the said Harris claimed to be under indictment respecting that charge.

The mortgage given by Harris to Mrs. Bell was not taken by her to the register's office because it purported to have been recorded. Consequently, other liens intervened, and when given it was not a first mortgage. Upon foreclosure nothing was realized upon it.

In 1895 this report of the bar committee and all the testimony taken stenographically before them was presented to this court and are now on file in the office of the clerk.

At the same time the record of the conviction of Harris for obtaining money by false pretenses and his sentence to the state prison for eighteen months was presented to the court.

Upon the presentation of this record of conviction a rule was entered striking the name of Harris from the roll of attorneys and counselors of this court.

The judgment of conviction was afterwards set aside be-

cause the allegation of facts in the indictment did not conform to the proofs.

In 1899 Harris applied to this court to be reinstated.

Testimony was again taken, on due notice to him. Harris, in his testimony on his own behalf, admitted that he had collected $1,500 for Mrs. Bell; that he gave her the mortgage on his own property. He did not claim that the certificate of registry was genuine, but he denied that he wrote it on the mortgage.

He said the only fault he was guilty of was that he had not applied the money he had collected for Mrs. Bell to the satisfaction of the mortgages prior to the one he gave her.

He admitted that he had been indicted for forgery in this Bell matter, and that Jenkins, the prosecutor for Camden county, entered a *nolle* on the indictment after he was disbarred. He said Mr. Bell advised a *nolle* because he thought Harris had been punished enough.

Harris also admitted that he had been arrested on a *ca. sa.* in a civil action for fraud; that Mr. Justice Garrison had refused to quash the *ca. sa.,* and that he was released under the Insolvent Debtors act, but that he had never paid his creditor.

The facts of that case are set out in the opinion of Mr. Justice Garrison in the Supreme Court in the Guarantee Building and Loan Association *v.* John Harris.

Mr. Justice Garrison, in his opinion, says: "That Harris, the solicitor and attorney of the Guarantee Building and Loan Association, was entrusted by it with four several sums of money to be used by him in payment and discharge of four mortgages which were first liens upon properties upon which the defendant was instructed to obtain mortgages for said association. He obtained the mortgages, but instead of applying the money to the discharge of the prior liens, he appropriated it to his use, so that the mortgages taken by him for his client were, in each case, second instead of first liens. He was sued and judgment was recovered against him, and a *ca. sa.* issued against him upon which he was arrested."

Harris applied to the Supreme Court to be discharged from

this arrest, which application was refused for reasons stated in the opinion of Mr. Justice Garrison.

Through some inadvertence this opinion has not been published in our reports, but the case was taken to the Court of Errors and Appeals for review, and the opinion of Mr. Justice Garrison will be found in the office of the secretary of state in volume 197 of the printed cases in the year 1894.

The judgment of the Supreme Court was affirmed for the reasons given by that court. 28 *Vroom* 708.

The committee of the bar association advised against his reinstatement. In February, 1900, this court refused to permit Harris to be examined for re-admission to the bar. These facts, with the evidence, also appear in the files of the clerk's office. At the February Term, 1901, of this court application was again made by Harris to be admitted to examination for attorney's license.

A committee was appointed to make report to the court as to his moral character. The committee, in their report, say that they have not considered what took place prior to his disbarment, but that since that date they had discovered no improper conduct on the part of Harris. The bar association did not appear by any representative before said committee, and took no part in the proceedings. Harris called a number of witnesses who testified in his behalf and the report of the committee is based upon that testimony. The bar association had on previous occasions presented to this court very fully the disreputable conduct of Harris, and it might well have been supposed that its duty was fully discharged.

We deem it unnecessary to comment upon the facts which have been above stated.

We cannot certify that the applicant is entitled to that confidence and trust which is implied in the expression "good moral character," as required by rule third of this court. The application of Harris to be admitted to examination is refused.

After this opinion thus far had been prepared and concurred in by all the members of the court to which the application was made, a letter was received by the court stating

that according to the information of the writers of it, an attempt was being made to deceive the court in regard to the dealings of Harris with the Guarantee Building and Loan Association in the evidence given by Harris on his application now pending. A rule was thereupon entered referring it back to the committee to take evidence as to the truth of Harris' statements. .

Harris had testified as follows:

"*Q.* What disposition have you made of the claim which the Guarantee Building and Loan Association had against you?

"*A.* They subsequently got title to all the property that I ever owned, which cost me $6,500, and their claim was nowhere near that much.

"*Q.* That is to say, after the disbarment proceedings you made a conveyance to them?

"*A.* No, I am not sure whether it was before or after disbarment.

"*Q.* But it was about that time?

"*A.* Yes, we managed the matter in such a way that they got title to all the property I then owned.

"*Q.* And did that cover the amount of their claim against you?

"*A.* In my judgment the property they got more than covers it.

"*Q.* Do you know whether they have realized on it?

"*A.* I don't know."

The only inference to be drawn from this testimony of Harris is that he had made an amicable arrangement with the Guarantee Building and Loan Association, and had made a voluntary conveyance to it of all his property on account of its claim against him.

The evidence taken under the rule shows that such was not the fact.

The only property of Harris to which the company acquired title was that which it obtained by foreclosure proceedings on mortgages held by it. To the foreclosure suit Harris filed an answer, and after the said company had purchased under the foreclosure decree, it was compelled to take further pro-

ceedings to get possession. The officers of the company who testified say that so far as they know nothing was done by Harris to assist them in securing his property by way of settlement of what he owed said company.

Harris, who was again examined, says that he made some proposition of settlement to the attorney of the said company which was not accepted.

All that need be said is that the evidence taken under the rule last entered furnishes no reason why the court should entertain any doubt as to the correctness of the conclusion previously reached.

The application of Harris is denied.

