IN RE SIMPSON.

### Court Has Power to Reinstate an Attorney.

A court which has the power to suspend or disbar an attorney also has the power to reinstate, upon proper and satisfactory proof that, as a result of his discipline, he has become a fit and proper person to be intrusted with the office of an attorney.

### Proof Must be Sufficient to Overcome Former Adverse Judgment.

Upon an application for reinstatement, the mere formal proof of good moral character required upon an original application for admission is not enough; but the proof must be of a satisfactory character, and of sufficient weight to overcome the former adverse judgment as to the applicant's character.

### Disbarred Attorney Reinstated.

The applicant was disbarred by this court on July 12, 1900, for unprofessional conduct. A motion for his reinstatement is made, based upon the report of a committee of the State Bar Association appointed by this court to investigate the present character of the applicant, and his fitness for reinstatement, and upon the testimony taken by said committee and embodied in its report, from which it appears that the applicant sincerely regrets his acts of misconduct, and that there are no unsettled financial obligations connected therewith, and, further, that since the date of his disbarment his conduct has been that of an exemplary citizen. *Held*, upon this showing, that the applicant should be restored to practice.

In the matter of Leslie A. Simpson. Motion to reinstate attorney. Granted.

YOUNG, C. J. On the 1st day of September, 1902, term of this court, a motion was made by Honorable Tracy R. Bangs and Honorable John M. Cochrane for the reinstatement of Leslie A. Simpson, who was disbarred for unprofessional conduct by an order of this court dated July 12, 1900. The disbarment proceedings are reported in 9 N. D. 379, 83 N. W. Rep. 541. A similar motion for reinstatement was made at the September, 1901, term of court, and was denied. On the former motion no proof which we could judicially consider was offered, either to contradict or to excuse the unprofessional acts upon which the order of disbarment was based, or to show that the applicant for reinstatement had so altered in character, as a result of the discipline to which he had been subjected, as to render him fit to be intrusted with the privileges pertaining to the office of attorney and counselor at law of this state. The court, however, while denying the motion, at the same term, in a communication from Chief Justice Wallin, directed to the Honorable Seth Newman, president of the State Bar Association, referred the application to said association, and requested that body to conduct an investigation, through its proper officers, touching the present character and fitness of Mr. Simpson to be reinstated, and to report to this court upon the following matters of fact: "(1) To what extent, if at all, has Mr. Simpson

engaged in the practice of the law since the entry of the judgment of disbarment? (2) Is there any tangible evidence that the severe discipline to which Mr. Simpson has been subjected has had the effect of producing a change of his character, in such a way that he would, if readmitted to the practice of law, conduct himself hereafter with reference to proper ethical and professional standards of conduct? (3) Has Mr. Simpson been so far humbled by the discipline of disbarment that he is willing, freely and without reservation, to admit upon the records of this court that he was guilty of the offenses charged against him, and that in disbarring him the court proceeded upon proper grounds and with the proper motives? (4) Does Mr. Simpson sincerely regret his attitude and conduct towards the court and opposing counsel, as manifested during the progress of the disbarment proceedings? (5) Are there any financial obligations, growing out of the subject-matter of the charges against Mr. Simpson, which remain undischarged?" The committee of the bar association charged with the duty of conducting the investigation was composed of the Honorable Roderick Rose, the Honorable Charles F. Templeton, and the Honorable P. H. Rourke. This committee convened at Dickinson, in Stark county, where the applicant resides, and, upon notice to the attorneys who appeared in the original proceedings, heard and received all evidence offered; and the same, which was reduced to writing and verified by the witnesses, is contained in the report filed in this court. The committee's report is as follows: "That Mr. Simpson has not engaged in the practice of law since July 12, 1900, when the judgment of disbarment was entered against him. That the discipline to which he has been subjected has produced such a change in his character as to ensure proper professional conduct on his part in the future, if readmitted to the practice of law. That Mr. Simpson has been humbled by the discipline of disbarment he has received, and that he has willingly, freely, and without reservation, admitted in writing, under oath, that in disbarring him the court proceeded upon proper grounds and with proper motives. * * * That Mr. Simpson sincerely regrets his attitude and conduct towards the court and opposing counsel, as manifested during the progress of the disbarment proceedings. That we are unable to learn of any financial obligations growing out of the subject-matter of the charges against Mr. Simpson which remain undischarged. Your committee therefore respectfully recommend that the court take further proceedings in the matter, and that Mr. Simpson be readmitted to practice law in the state of North Dakota. Dated June 21st, 1902. [Signed] Roderick Rose, P. H. Rourke, Charles F. Templeton, Committee." The present motion for reinstatement is based upon the foregoing report, and the evidence therein contained. The motion was argued orally by counsel for the applicant, and resisted by counsel who represented the prosecution in the original disbarment proceedings. Subsequent to the argument a written statement was filed by the Honorable James Donovan, Attorney General of Montana, attorney for the Holter Lumber Company, stating that

said company has no claim or demand against the applicant arising out of his misconduct in connection with the collections referred to in the opinion filed in the disbarment proceedings.

That a court which has the power to suspend or disbar an attorney has also the power to reinstate him cannot be doubted. That power was exercised by this court in the reinstatement of Taylor Crum, and it has been frequently recognized and exercised by the courts of other states. In re Newton (Mont.) 70 Pac. Rep. 982; In re Treadwell, 114 Cal. 24, 45 Pac. Rep. 993; In re King, 54 Ohio St. 415, 43 N. E. Rep. 686; In re Boone (C. C.) 90 Fed. Rep. 793; In re Harris (N. J. Sup.) 49 Atl. Rep. 728. In other words, courts recognize the possibility of reformation of character. The decisive question on such an application is whether the applicant is of good moral character, in the sense that phrase is used when applied to attorneys of law, and is a fit and proper person to be intrusted with the privileges of the office of an attorney. To establish this fact on an application for reinstatement, the mere formal proof of good character required upon an original application is not enough. Neither is a petition by attorneys, stating that, in their opinion, the applicant has been sufficiently punished. In re Enright, 69 Vt. 317, 37 Atl. Rep. 1046; In re Pemberton (Mont.) 63 Pac. Rep. 1043. The proof must be sufficient to overcome the court's former adverse judgment of the applicant's character.

In the present case the propriety and justice of the judgment of disbarment is not questioned; neither was it on the former motion. On the contrary it is admitted by the applicant. The motion is based entirely upon the ground that the applicant has reformed as a result of the discipline to which he has been subjected. On this point the affidavits of four reputable attorneys of this court, filed in support of the motion, state, from the personal knowledge of the affiants, that the applicant is of good moral character. Honorable W. H. Winchester, judge of the Sixth Judicial District, certifies that the applicant has at all times obeyed the order of the court, and since the order of disbarment has refrained from practice. This fact is also further sustained by the affidavits of C. E. Gregory, state's attorney of Stark county. The record filed by the committee of the bar association contains the testimony of over 60 witnesses who live in the community where the applicant resides, including city and county officials, bankers and merchants, and others, whose opportunity for judging the applicant's conduct and character cannot be doubted; and with unanimity and without hesitation they testify that since his disbarment, in July, 1900, the conduct of the applicant has been that of an exemplary citizen; that his reputation is good; that he is trustworthy and in all respects worthy of confidence. The members of the bar association committee, in addition to reporting upon the questions of fact submitted to them, have added to the report their endorsement, and, in conjunction with the eminent members of the bar who presented this motion, assure us that the applicant, as a result of the discipline already inflicted, has so altered in character that he will, if reinstated, conduct himself with fidelity to clients, courtesy to op-

posing counsel and witnesses, and with proper respect for courts and the due administration of justice.

Upon this showing, we are constrained to grant the motion. In doing so we are influenced somewhat by the knowledge that the misconduct for which the applicant was disbarred resulted in a measure from inexperience and youthful indiscretion, as well as a radical misconception of his duty as an attorney, and, further, that it was induced largely by local sentiment which openly encouraged his violation of official duty. In our opinion, neither the ends of justice, nor the maintenance of a proper standard of legal ethics, require his further punishment.

It is proper to state that Chief Justice Wallin, who was a member of the court when Mr. Simpson was disbarred, as well as when the present motion was submitted, also desired his reinstatement at this time.

An order will be entered that the said Leslie A. Simpson be readmitted to practice law in all the courts of this state upon taking the oath of office.

MORGAN, J., concurs.

COCHRANE, J., having been of counsel, not participating.
(93 N.W. Rep. 918)