W. T. MAXEY, Plaintiff, v. POLK COUNTY DISTRICT COURT et al., Defendants.

**COURTS:** Jurisdiction—Essential Elements—Attorney and Client:
1   Jurisdiction to adjudicate requires:

    1. Cognizance of the class of cases to which the one to be adjudicated belongs;

    2. The proper parties *must be present;* and

    3. The point decided must be, in substance, *within the issues.* So held with reference to an order in disbarment proceedings against an attorney.

    PRINCIPLE APPLIED: An absolute order of disbarment was entered against an attorney. Later, the attorney secured a favorable modification of the order. Still later, he applied to the court *solely for a further modification of the first modification.* The court, without opportunity to the attorney to resist, peremptorily set aside the *first* modification and reinstated the original order of disbarment. *Held,* the court was without jurisdiction to so act.

**CERTIORARI:** Proceedings and Determination—Review—Scope and
2   Extent. On certiorari, the court deals solely with the law question whether the inferior tribunal did or did not act illegally—not with the question what such tribunal ought to have done on the merits.

**CERTIORARI:** Nature and Grounds—Judicial Proceedings—Want
3   of Jurisdiction. Certiorari may lie to review the legality of an order of the district court relative to disbarment proceedings, when such order is wholly aside the pleadings.

*Certiorari from Polk District Court.*—CHAS. A. DUDLEY, Judge.

JANUARY 9, 1918.

THIS is an original proceeding complaining that the defendants acted illegally and beyond jurisdiction in not cancelling an original decree of disbarment, and in refusing to further modify said original decree, and in other respects. —*Annulled.*

*John McLennan,* for plaintiff.

No appearance for defendants.

SALINGER, J.—I. On the 9th day of February, 1912, a decree was entered in the Polk County district court, which disbarred the plaintiff from the practice of law as an attorney in the state of Iowa. Subsequently, plaintiff applied to said court to modify said decree. The plaintiff prayed "that, upon the hearing of this petition, the court cancel and suspend the order and decree heretofore entered herein, and that defendant be restored to all of his prior rights as an attorney at law, and for such other and further relief as to the court may seem just and equitable in the premises." After hearing, an order was entered on July 13, 1915:

"That said original decree of disbarment be and the same is hereby set aside and annulled," and "that if, in the future, the defendant desires to be reinstated in the practice of law within the state of Iowa, said reinstatement shall be subject to the further orders of this court, upon application and notice to be presented by the defendant in person."

The plaintiff thought it was necessary to obtain some change of this order of modification, to meet the rules concerning admission of attorneys within the state of California, wherein he had passed the bar examination, and was seeking admission. To obtain a second modification, he presented to one of the defendants an order to be signed, wherein he treated the second application as an effort to obtain a modification of the original decree of disbarment. This original decree was an absolute disbarment, disqualifying the plaintiff from practicing law anywhere. It will help to a clear understanding of what is now before us to display, side by side, the modification entered on July 13, 1915,

and the order which plaintiff sought by his second application:

"That said original decree of disbarment be and the same is hereby set aside and annulled. *  *  *

"If, in the future, the defendant desires to be reinstated in the practice of law within the state of Iowa, said reinstatement shall be subject to the further orders of this court, upon application and notice to be presented by the defendant in person."

"That the said original decree entered in this case, by the terms of which the said defendant was disbarred as a practicing attorney in this court, be and the same is hereby set aside and annulled."

And that "the matter of defendant's re-entering the practice of law in Iowa be left open for his personal application and appearance."

It is most difficult to find any substantial difference between what is sought in the last application and the modification already obtained. It seems to us that the second application merely asked an immaterial change in the entry which had already modified the original decree of disbarment. It is true the plaintiff seemed to think that he could have no modification of the modification without applying to have the original decree modified. The most that this worked is that he made application to have a change made in the original decree as already amended. No matter what he thought, if he asked a change at all, it is the one embodied in that prayer he made for the second change, which we have already set forth. The defendants neither granted nor denied this second application. Instead, they decreed, without further notice or appearance by plaintiff, "that the order entered in this court in the above cause on July 13, 1915, be vacated and set aside," and that "the original order, as made under date of February 10, 1912, be re-established as

the order of this court * * * and that the application
of the defendant for any modification of said original decree
be and the same is hereby denied."

Petitioner seems to be of opinion now

2. CERTIORARI:
proceedings
and determi-
nation: re-
view: scope
and extent.

that, among other things, the merits of his
second application are before us. He cites
In re King, 54 Ohio St. 415 (43 N. E. 686) ;
In re Newton, 27 Mont. 182 (70 Pac. 510) ;
and In re Treadwell, 114 Cal. 24 (45 Pac. 993). The utmost
these demonstrate is that defendants would not have been
interfered with if they had granted the prayer of this peti-
tioner—that such a decision would not have been against the
evidence. We have no such question before us on certiorari.
What we have is whether these defendants exceeded their
authority, and thus acted illegally. Had they either granted
or denied the second application, the action would not have
been interfered with in this proceeding. But, as seen, they
did neither. A decree operating to disbar plaintiff from
practicing anywhere was entered against him at one time.
A second decree was entered, which, in effect, cancelled
the disbarment, except in so far as it affected practicing
within the state of Iowa. As to removing the bar for that
jurisdiction, the matter was left open. The second decree
was as sacred as the first. Then comes plaintiff, and says
he desires the original decree modified. But this application
shows that, if he is seeking any change, it is in the second
decree. Thereupon, without more, the defendants did what,
in effect, amounted to a cancellation of this second decree
obtained. No application for such a change

3. CERTIORARI:
nature and
grounds: ju-
dicial proceed-
ings: want of
jurisdiction.

as that was before the court, and we are
constrained to hold that, until there be one,
and plaintiff given an opportunity to re-
sist an application to take the decree of July
13, 1915, from him, the defendants acted be-
yond their authority, and therefore illegally, in cancelling

that second decree.   This, and that certiorari will lie, is settled in principle by *Haddick v. District Court of Polk County,* 160 Iowa 487.   We must and do order that the action in review be—*Annulled.*

PRESTON, C. J., EVANS and GAYNOR, JJ., concur.