FRANK DELBRIDGE, Appellee, v. CORA DELBRIDGE, Appellant.

**DIVORCE:** Unauthorized Annulment. The district court has no jurisdiction to set aside a decree of divorce for fraud in its procurement, at a term subsequent to the entry of the decree, and on the hearing of an application confined solely to a prayer for modification of the alimony provision; and especially is this true where, in the meantime, both parties have remarried.

*Appeal from Woodbury District Court.*—J. W. ANDERSON, Judge.

OCTOBER 26, 1920.

THE opinion sufficiently states the case.—*Reversed.*

*Charles Lockie,* for appellant.

*Kass Bros.,* for appellee.

WEAVER, C. J.—The parties were formerly husband and wife. In the year 1911, the wife brought suit for divorce, and a decree in her favor was granted, as prayed, on January 11, 1912. By the terms of the decree, the wife was given the house and lot which they had occupied as a home, subject to a mortgage to secure payment by her of $275 as a provision for the benefit of their young son, whose custody was given to the husband. The wife was granted the custody of two daughters, and, as alimony, the sum of $6.00 per week. This weekly allowance was paid by the husband until April, 1912, when one of the daughters became of age; and thereupon he reduced his payment to $3.00 per week, claiming that the alimony allowed was intended to be at the rate of $3.00 for each daughter, and was to cease as they

should arrive at their majority. Three years later, in November, 1915, the husband, who was defendant in the divorce proceeding, appeared again in that cause, with a petition alleging that the condition of the parties had so changed since the divorce was granted as to render it unjust to require him to pay the alimony, and asking that the allowance made in the wife's favor be set aside. On trial of this issue to the court, an order or decree was entered, substantially as prayed, not only canceling the petitioner's obligation to pay further alimony, but also, in effect, relieving him from obligation to pay the installments then past due and unpaid under the terms of the original decree. To review this modification, the wife removed the proceeding to this court by certiorari, and the order complained of was annulled. That decision was handed down on March 12, 1917, and five days later, the present action was begun by the husband (who will hereinafter be spoken of as plaintiff), to enjoin the enforcement of the original divorce decree, "in so far as the same relates to the payment of alimony" by him. This relief was asked on the ground that, before the divorce was granted, plaintiff had an agreement with his then wife that, in the event of a divorce, the alimony should be limited to a payment of $3.00 per week for the support of each of the two daughters during their minority; but that the wife, in taking her decree, fraudulently deceived the court as to the terms of the agreement, and caused the decree to be entered for an allowance of $6.00 per week, without any limitation of time. On these allegations, plaintiff asked to be relieved from the payment of further alimony, and that the judgment allowing the same be canceled and set aside.

To this petition, the defendant (plaintiff in the divorce proceedings) appeared, and denied all allegations of fraud on her part. She also pleaded the statute of limitations, and alleged that plaintiff was estopped by his own laches. There was a hearing and trial to the court, at the close of which the court entered a decree to the effect that the original decree of divorce "be set aside and annulled in its

entirety." The defendant appeals. Since the appeal was taken, the appellee has bombarded this court with numerous motions and amended motions for its dismissal. The only grounds assigned therefor having any appearance of merit is that the evidence was not certified and filed within the statutory time; but, since we have come to the conclusion that the decree appealed from was rendered without jurisdiction, in so far as it purports to set aside the divorce, it is wholly unnecessary to consider whether the evidence is properly before us, or whether it was preserved at all. The divorce case was tried and decree entered in January, 1912. The decree was not excepted to, and no appeal was taken therefrom. Three years later, plaintiff sought to be relieved from the allowance of alimony, and the proceeding to obtain such relief was decided against him by this court. In 1917, more than five years after the divorce, he returned to the attack. Meanwhile, it should be said, both parties had remarried, and children of these later marriages have been born to one or both of them.

In this proceeding, he did not ask or seek to have the divorce decree disturbed, except "in so far as it relates to the payment of alimony." It was this claim or demand to which the defendant appeared, and this was the sole issue which the parties presented for the court's consideration. It appears, however, from the language of the court's order that, in the testimony produced upon this question, the court discovered evidence indicating to its mind that the divorce had been, to some extent at least, a matter of agreement between the parties; and, acting upon its own motion, it set aside, not merely the allowance of alimony, but the original decree in its entirety. In doing this, we think the court exceeded its authority. See *Maxey v. Polk County Dist. Court,* 182 Iowa 366; *Bronson v. Schulten,* 104 U. S. 410 (26 L. Ed. 797), and other precedents cited in 11 Rose's Notes thereto; *Brown v. Brown,* 53 Wis. 29.

For the purposes of this case, it may be assumed (without deciding) that the divorce was collusive and fraudulent in the eye of the law, and that, had the fact been brought

to its attention at that term, the trial court granting the decree could very properly, and of its own motion, after due notice and hearing, have reopened the case, and, if good cause therefor had been shown, could have vacated the decree, as was done in *Todhunter v. DeGraff,* 164 Iowa 567. But in the case before us, the decree had stood unchallenged, except as to the alimony, for more than five years. Neither party was denying its effective force. Neither was ordered or notified to show cause or given opportunity to defend against the entry of a new decree, which places them both in a very embarrassing, not to say unfortunate, position; and yet, strange to say, the appellee is in this court strenuously insisting on sustaining a judgment which, of necessity, puts upon him, as well as upon his former wife, the imputation of bigamy, and upon the children of their later marriages the stigma of bastardy.

None of the cases cited by appellee is in point. They go no further than to hold that a decree of divorce may be set aside for fraud in a proceeding instituted for that purpose; but no precedent or authority can be found for the holding that, after the term at which a divorce is granted is adjourned, and both parties, accepting the decree as a finality, have contracted other marriages, the court may peremptorily and of its own motion set aside the decree. We are unwilling to establish any such precedent.

The decree vacating the divorce in this case must be reversed. In so far, however, as such decree operates to relieve the plaintiff from the payment of alimony from and after the date of his petition for such modification, there is no evidence before us on which we can try that issue *de novo;* and the order will, to that extent, be affirmed. This decision is not to be construed as relieving the plaintiff herein from the effect of the decision in *Delbridge v. Sears,* 179 Iowa 526.—*Affirmed in part; reversed in part.*

EVANS, PRESTON, and SALINGER, JJ., concur.