**In the Matter of the Application for Disciplinary Action Against Elmo T. CHRISTIANSON, a Member of the Bar of the State of North Dakota.**

No. 8520.

Supreme Court of North Dakota.

Feb. 13, 1970.

Bruce Bair, Mandan, for Grievance Commission of the Supreme Court.

Robert E. Dahl, Grafton, Chairman of Grievance Committee No. 1 of the State Bar Association of North Dakota, amicus curiae.

KNUDSON, Judge.

This is an original proceeding in this court for the discipline of E. T. Christianson, a member of the bar of the state of North Dakota, who now resides at Cavalier, Pembina County, North Dakota.

This court is authorized to revoke or suspend the certificate of admission of an attorney under § 27–14–01:

> The power to revoke or suspend the certificate of admission of an attorney or counselor at law is vested in the supreme court.

North Dakota Century Code.

The grounds for disbarment or suspension are prescribed by § 27–14–02, the applicable parts of which are as follows:

> The certificate of admission to the bar of this state of an attorney and counselor at law may be revoked or suspended by the supreme court if he has:
>
> \*   \*   \*   \*   \*   \*
>
> 3.   Willfully violated any of the duties of an attorney or counselor at law;
>
> \*   \*   \*   \*   \*   \*
>
> 7.   Committed any other act which tends to bring reproach upon the legal profession. The enumeration of certain grounds for disbarment or suspension of attorneys at law shall not be deemed a limitation upon the general powers of the supreme court to suspend or disbar for professional misconduct.

North Dakota Century Code.

This court adopted rules governing disciplinary proceedings wherein it declared that it possessed original and exclusive jurisdiction under the provisions of § 27–02–07, North Dakota Century Code, in addition to its inherent jurisdiction, in all matters involving admission of persons to practice law in this state and of the disciplining of such persons. This court further declared that any acts committed by an attorney contrary to accepted standards of honesty, justice or morality, including

but not limited to those in § 27–14–02, N.D. C.C., and the violation of the duties outlined in § 27–13–01, N.D.C.C., may constitute cause for discipline. This court further declared that where such act constitutes a felony or a misdemeanor, conviction thereof in a criminal proceeding shall not be a condition precedent to suspension or to the institution of disciplinary proceedings, nor shall acquittal necessarily constitute a bar thereto, and that any violation of the canons of professional ethics as adopted by the American Bar Association, affirmed by the Bar Association of the state of North Dakota, may also constitute cause for discipline.

This court, having received several informal complaints alleging various acts of professional misconduct on the part of Mr. Christianson, pursuant to the Supreme Court Rules of Disciplinary Procedure, we referred the several complaints to the Grievance Commission of the Supreme Court, and the Grievance Commission referred the complaints to Grievance Committee No. 1 for investigation and report of its findings and recommendations; and the Grievance Committee having filed with the Grievance Commission its report of its findings and its recommendation, and the Grievance Commission having received the report, findings and recommendation of the Grievance Committee, filed with this court its report recommending the institution of disciplinary proceedings, this court directed the Grievance Commission to file a formal complaint against the said E. T. Christianson. The complaint was served upon the said E. T. Christianson, and he served his answer thereto; and the Supreme Court ordered said proceedings referred to the Honorable Hamilton E. Englert, Judge of the District Court of the First Judicial District of the State of North Dakota, as referee, with directions to take testimony therein and to make his findings, conclusions and recommendations; and such testimony was taken on the 16th day of October, 1969; and the said referee made and filed his findings of fact, conclusions of law and recommendations in said matter.

The Court gave notice that a hearing would be held in the court room of this Court in the city of Bismarck, North Dakota, at 11:00 a. m., January 20, 1970, at which time this Court would hear the arguments both for and against the adoption of the referee's findings, conclusions and recommendations, based on the evidence adduced at the referee's hearing, and ordered that a copy of the notice of hearing, together with a copy of the referee's findings, conclusions and recommendations, and a copy of the transcript of the testimony adduced before the referee, be served upon the respondent E. T. Christianson by registered mail not less than eight days before the said hearing, and was duly served accordingly.

And the said matter came on for hearing on the said 20th day of January, 1970, at 11:00 a. m., in the court room of the Supreme Court at Bismarck, North Dakota, the said respondent E. T. Christianson not appearing in person or by attorney; and the Grievance Commission of the Supreme Court appearing by Bruce B. Bair, attorney at law, Mandan, North Dakota; and Robert Dahl, attorney at law, Grafton, North Dakota, appearing amicus curiae, on behalf of Grievance Committee No. 1.

.This Court heard the arguments of Mr. Bair on behalf of the Grievance Commission, and those of Mr. Dahl on behalf of Grievance Committee No. 1, and the Court read and considered the pleadings, the transcript, the record, and the papers filed in this matter, and find that the allegations in the complaint are true; that the said E. T. Christianson admitted the truth of the allegations of the complaint in open court before the referee and sought by excuse and explanation to mitigate the allegations contained in the said formal complaint.

The complaint alleges in the first cause of action that while acting in the capacity of administrator of an estate he received the sum of $1,200 for the purchase price of a sale of certain lots belonging to the

estate, which sum was never deposited or credited in the account of said estate; nor did he file any petition for license to sell the real estate or obtain any order of license to sell real estate; that the purchaser thereafter demanded the return of the purchase price of $1,200, and he gave therefor his personal check of $1,200 to the purchaser, which check was returned by the bank because of insufficient funds. Later, the purchaser obtained a judgment against Mr. Christianson, which has now been paid and satisfied by the respondent. The purchaser also signed a criminal complaint against Mr. Christianson for issuing a check without sufficient funds for credit; Mr. Christianson gave his personal check in the amount of $100 for a bail bond in justice court, which check was returned because of nonsufficient funds; following a second warrant of arrest, Mr. Christianson posted a $100 cash bond, which bond was declared forfeited for failure of the respondent to appear before said court on said charge.

Mr. Christianson admitted that he had received the $1,200 and that he had done nothing in the county court to obtain an order authorizing the sale of the lots belonging to the estate. He had not deposited the amount received to the account of the estate, but had deposited it in a special account in a bank at Rolla. He testified that out of the $1,200 received he had paid the real estate salesman's fees and expenses of about $150, sewer taxes of $225 or $250, and $25 to a Mr. Schole, who had advanced the sewer taxes, for his trouble. He could not account for the balance of the $1,200, and we may assume that he used it for his own purposes. He testified that the deposit in the Rolla bank was in a special account and was not commingled with any of his funds.

The second cause of action alleges that he had represented a client in an action against Sears, Roebuck and Company and had obtained a jury verdict in favor of his client in the amount of $3,500. On motion by the attorney for the defendant for judgment notwithstanding the verdict, the court issued an order granting said motion and entered judgment in favor of the defendant dismissing the complaint. Shortly thereafter, his client paid him $300 to perfect an appeal to the United States Circuit Court of Appeals for the Eighth District, but he failed to perfect the appeal within the time limited by law and he has failed to refund the $300 retainer for said appeal, although demand has been made therefor.

Mr. Christianson testified that out of the $300, he paid $157 for a transcript which he had ordered, and the balance of the $300 was appropriated to other expenses that had been incurred already. He explained his failure to file the notice of appeal that "time went by," and the day following the fifteen-day period he appeared in the office of the defendant's attorneys in Bismarck to effect a settlement or to extend the time for appeal. The attorneys for the defendant at Bismarck talked to the attorneys for the defendant in Chicago, who declined to go along with any suggestion to extend the time for appeal. He testified that the $300 retainer was used up in legitimate expenses.

The third cause of action concerns a personal note for $1,000 given by Mr. Christianson for money borrowed, due in thirty days from date August 22, 1967. Upon the expiration of the thirty days, Mr. Christianson gave the lender a check for $1,100 in satisfaction of said note, which check was returned on the ground that Mr. Christianson had no account in that bank. The lender thereafter made repeated demands for payment, but the respondent did not pay the obligation until October 1968, after the lender caused a criminal complaint to be issued against Mr. Christianson, which complaint was dismissed after the obligation was paid. Mr. Christianson testified, by way of explanation and mitigation of the offense, that he had borrowed this money to invest in a business venture, which was to be paid back to him; that the reason his check was not honored by the bank on which it was drawn was that he did not

get the money out of the venture when expected; and that upon not receiving the money out of the venture he called the lender to tell him to hold the check and asked him not to deposit it. He said that although he did not have an account in the bank, his wife did, and that he was authorized to write checks on her account for small amounts for groceries and other household expenses.

The complaint of the Grievance Commission alleges, in general, that the foregoing course of conduct by the respondent constitutes actions which tend to bring reproach upon the legal profession, and prayed that a hearing be had on the above charges and that a report be made of such hearing to this court for such action as it deems proper and as justice shall require.

The referee concluded that Mr. Christianson had committed acts contrary to accepted standards of honesty, justice and morality as established by members of the legal profession, which conduct warranted disciplinary action by this court. The referee recommended that the respondent make restitution in the sum of $300.00 in the second cause of action, and recommended that the respondent be suspended from the practice of law, with leave to apply for an order of reinstatement after a period of six months.

From our review of the record in this proceeding, we find the allegations of the complaint fully sustained and we conclude that Mr. Christianson has willfully violated his duties as an attorney and counselor at law and has otherwise committed acts which tend to bring reproach upon the legal profession. No member of the community is charged with the exercise of a higher degree of good faith, fairness, and honesty in his dealings with others, and in his treatment of clients, than an attorney at law. He is an officer of the court, and should be possessed of a high appreciation of ethical and moral duties.

It is, therefore, ordered that the certificate of admission of E. T. Christianson to the bar of the state of North Dakota be and the same is hereby suspended, with a provision that said E. T. Christianson have the privilege of applying for reinstatement of a certificate of admission to the bar one year after the entry of this order, on a showing that he has made restitution in the sum of $300.00 to the said Vincent J. Boehm, and that he is otherwise qualified to be reinstated as a member of the bar of the state of North Dakota.

TEIGEN, C. J., and ERICKSTAD and PAULSON, JJ., concur.

STRUTZ, J., deeming himself disqualified did not participate.