**Application of Elmo T. CHRISTIANSON For Reinstatement To the Bar of the State of North Dakota.**

**In the Matter of the Application For Disciplinary Action Against Elmo T. CHRISTIANSON.**

**Nos. 8520, 8761.**

Supreme Court of North Dakota.

May 5, 1972.

Bruce Bair, Mandan, for Grievance Commission of the Supreme Court.

Elmo T. Christianson, pro se.

NORBERT J. MUGGLI, District Judge.

In a disciplinary proceeding on February 13, 1970, as reported in 175 N.W.2d, page 8, this Court suspended the certificate of admission to the bar of the State of North Dakota of the respondent Elmo T. Christianson. This decision further provided that the respondent Christianson could ap-

ply for reinstatement of his certificate of admission to the bar one year later upon a showing that restitution of $300 was made to one Vincent J. Boehm and upon a showing that he is otherwise qualified to be reinstated as a member of the bar of the State of North Dakota.

The respondent, Elmo T. Christianson, did on March 2, 1971, file with this Court his petition for reinstatement to the bar of this State. This petition was referred to the grievance commission of this Court who, after investigation, filed its findings, conclusions and recommendations on May 17, 1971. The grievance commission concluded that the respondent had failed to sustain the burden of establishing the averments of his application for reinstatement by clear and convincing evidence and also concluded that it affirmatively appeared that the respondent was not qualified to be reinstated. The grievance commission recommended that the suspension of the respondent's certificate of admission be continued indefinitely. This Court then set October 5, 1971, for a hearing on the respondent's application for reinstatement.

Before this scheduled hearing for reinstatement, a formal complaint containing findings and recommendations of the grievance commission on matters not previously presented to this Court was received. After receiving such complaint this Court directed the filing of such formal complaint and directed service of the summons and complaint upon the respondent. This Court then continued the hearing on reinstatement to its December 1971 term.

The respondent, on October 29, 1971, then filed an answer to the complaint raising certain issues, whereupon the Court on November 16, 1971, then ordered that the petition for reinstatement (No. 8520) and the issues raised by the answer to the formal complaint (No. 8761) be referred to the Honorable Roy A. Ilvedson as a referee for the purpose of taking testimony, and directed that such referee prepare findings of fact and recommendations based upon the evidence adduced at such hearing.

On February 3, 1972, testimony was taken before the Honorable Roy A. Ilvedson acting as referee, and on March 16, 1972, the referee filed with this Court his findings of fact and conclusions, along with his recommendation that the respondent be reinstated as a member of the bar.

This Court then gave notice that a hearing would be had before this Court on April 4, 1972, on both the petition for reinstatement and the new complaint, and at which time this Court would hear arguments for and against the adoption of the referee's report, findings, conclusions and recommendations.

These two matters were then heard before this Court on April 4, 1972. The respondent, Elmo T. Christianson, with permission of the Court appeared for himself, and the grievance commission of the Supreme Court appeared by Bruce B. Bair, attorney at law, Mandan, North Dakota.

The Court then heard arguments by Mr. Bair on behalf of the grievance commission and by Mr. Christianson for himself as respondent. The Court then reviewed the entire file and took judicial notice of the prior actions of this Court involving this respondent which included the following:

1. Its action on September 18, 1956, suspending the respondent's license to practice law in this State for the reasons set forth in the complaint then filed, and its later action on May 16, 1957, reinstating such license; and

2. Its action on February 13, 1970, reported in 175 N.W.2d 8, suspending the respondent's certificate of admission to the bar of the State of North Dakota for the reasons set forth in such opinion.

Since both the petition for reinstatement and the new complaint involve the present fitness and qualifications of the respondent to practice law in our State, they will be considered together in these proceedings.

The new complaint sets out four causes, all of which the respondent either denied or attempted to explain. The first cause involves certain delays and non-action on the part of the respondent in the handling of a divorce action. The respondent was retained by one Cecilia Allery on June 25, 1967, to handle her divorce action and was paid $150 at the time. The respondent prepared the divorce papers and delivered them to the sheriff for service on July 7, 1967. The defendant could not be found. Since Mrs. Allery was receiving welfare aid at the time, the welfare office began to press the respondent for action. In November of 1968 respondent again delivered the summons and complaint to the sheriff for service, but again the defendant could not be found. No further action was taken and in January of 1970 the welfare board asked respondent to refund the $150 fee. The respondent did refund their $150 fee in February of 1971.

The second cause involved delays in the probate of an estate. Sarah Oliver Gelder died in December of 1968. The respondent was retained to probate the estate, and proceedings were commenced in January of 1969. He filed a final report and account in October of 1969 but did not secure service on one of the heirs. In February of 1970 respondent mailed a U.S. Savings Bond to one of the heirs and informed the heir that he would be sending her a final decree of distribution which she would need to cash the bond. About that time the respondent's right to practice law was suspended. In September of 1970, after the heir made a complaint to the Bar Association, another attorney, without additional charges to the heirs, proceeded to obtain the final decree of distribution and forwarded the same to the heir.

The third cause involved a charge against the respondent that he was engaged in the practice of law during 1970 and 1971 while he was under suspension. One Ted Dworshak complained that he paid the respondent some $1400 during this time to represent him in certain legal matters.

The respondent contended that he received $400 from the complainant Dworshak to do accounting work for him, and that the balance of $1000 was a loan for which respondent gave the complainant a note. The parties drew up an agreement on February 26, 1971, setting forth the different items of litigation that were pending against Mr. Dworshak which the respondent would handle on his behalf. The instrument showed that certain clauses had been crossed out and were not readable. The respondent claimed that the words that were obliterated were "if and when relicensed." The complainant, Mr. Dworshak, refused to cooperate with the grievance commission since the filing of this complaint. Dworshak refused to appear before the committee and would not reply to letters or messages and was unavailable for the hearing before Judge Ilvedson on February 25, 1972. Thus Mr. Christianson's version of this incident must be accepted as true.

The fourth cause charges the respondent with issuing four checks during the months of August, 1969, and February, 1970, which were returned for insufficient funds. The record in the State's Attorney's office at Pembina showed that the respondent had made restitution for these checks. The respondent admitted the issuance of these checks and alleged that they were due to his excessive use of alcohol at that time. In October of 1970 the respondent was arrested for evading a food bill at a cafe in Cavalier, North Dakota. The respondent admits owing the bill but contended the bill was all for liquor, with the exception of a hamburger. The bill was paid and the criminal charges dropped.

The fourth cause also alleges misconduct on the part of the respondent in failing to properly advise one Leo Kliniske on the matter of a certain default judgment that was about to be taken against him. This occurred in March of 1970 after respondent's suspension was in effect. From the evidence offered, it appeared that Mr. Christianson told Mr. Kliniske that he

could not represent him because his license to practice had been suspended and suggested that he see another attorney. No misconduct was established and this charge is therefore not proven.

In his application for reinstatement Mr. Christianson offered the affidavits of attorneys Glen K. Swanson, John E. Adams and Helgi Johanneson, the latter being the Attorney General of the State of North Dakota. The affidavits are general in nature and contain the conclusions of the affiants that Mr. Christianson is now qualified to be reinstated as a member of the bar.

■■■ This Court, on June 21, 1965, adopted rules of disciplinary procedure to become effective August 1, 1965. Rule No. XIII of these rules sets forth the basis and procedure for reinstatement of a person who has been disbarred. The power of this Court to reinstate an attorney who has been suspended or disbarred is authorized by § 27–14–01, North Dakota Century Code, and confirmed by this Court in the case of In Re Simpson, reported in 11 N. D. 526, 93 N.W. 918 (1903). Rule No. XIII, *supra*, provides that the burden shall be upon the applicant seeking reinstatement to establish the averments of his application by clear and convincing evidence. This Court in *Simpson* adopted the following principle as a prerequisite to reinstatement:

> "Upon an application for reinstatement, the mere formal proof of good moral character required upon an original application for admission is not enough; but the proof must be of a satisfactory character, and of sufficient weight to overcome the former adverse judgment as to the applicant's character." In Re Simpson, 11 N.D. 526, 93 N.W. 918.

■ It is necessary that this Court consider the new complaint along with Mr. Christianson's application for reinstatement since the causes proved in the complaint have a direct bearing on his qualifications to practice law in this state. Several of the items in the complaint occurred prior to Mr. Christianson's suspension, while others have occurred since. No single one of these items in and of themselves would warrant disbarment of Mr. Christianson. They do, however, have a direct bearing on his application for reinstatement in that they tend to sustain the former adverse judgment of Mr. Christianson's character which this Court found in its decision of February 13, 1970.

From our review of the record in these combined proceedings, we adopt the findings of fact of the referee as to the causes in the complaint, but conclude that Mr. Christianson has failed to sustain his burden of proof that he is now a fit and proper person to be reinstated.

It is therefore ordered that the certificate of admission of Elmo T. Christianson to the bar of the State of North Dakota shall remain suspended, with a provision that the said Elmo T. Christianson may reapply for reinstatement after January 1, 1973, and may be reinstated upon a proper showing at that time.

ERICKSTAD, Acting C. J., and PAULSON, KNUDSON and TEIGEN, JJ., concur.

ALVIN C. STRUTZ, C. J., deeming himself disqualified, did not participate; NORBERT J. MUGGLI, District Judge of the Sixth Judicial District, sitting in his stead.