S. C. STROUT, Petitioner for the Cumberland Bar Association,

*vs.*

DANIEL W. PROCTOR.

Cumberland.    Opinion July 1, 1880.

*Attorney at law.    Disbarment.*

When it is shown to the court that an attorney at law has violated his official oath, in that he has not conducted himself in his office with all good fidelity to his clients, the court is not only warranted but required to remove such a one from the office of attorney, and counselor of this court.

ON REPORT.

Complaint of the Cumberland Bar Association, by S. C. Strout, vice president, and motion for a rule upon the respondent to show cause why he should not be removed from the office of attorney and counselor at law of this court.

In support of the motion they presented four different charges and specifications, one of which was as follows :

"Third. He has violated his official oath in that he has not conducted himself in his office with all good fidelity to his clients in this : That on or about the first day of March, A. D. 1877, by false pretences and representations, he obtained the signature of one Ann M. Haskell to a bill of sale of her household goods, and other chattels, to one Ida M. Proctor, his wife; that after said bill of sale was obtained, the said Ann M. Haskell having sought his advice as an attorney and counselor, he induced her to leave the State of Maine, falsely alleging that she was about to be arrested by an officer and put in prison, and that it was necessary for her to leave the State immediately in order to avoid

arrest; that after the departure of said Ann M. Haskell, in consequence of said false representations, the said Proctor took possession of the goods and chattels covered by the bill of sale, and refused, upon request, to deliver said goods to the said Ann M. Haskell, whereby she was compelled at expense, to obtain possession of her property by an action of replevin, returnable to the superior court for Cumberland county, at a term held on the first Tuesday of September, A. D. 1877, in which action she has obtained judgment in her favor."

The complaint and answer with the evidence taken, making one hundred and seventy-six printed pages, were referred to the full court who were to render such judgment as they deem proper.

No argument was presented to the law court in behalf of the petitioners.

*Clifford & Clifford*, for the respondent, cited: *John Percy*, 36 N. Y. 651; *Harvey's Case*, 41 Ill. 277; and in a very able argument contended that the acts complained of had not been proved, and were not true in fact, and that the matters out of which they grew, did not relate to respondent's doings in his office as an attorney.

VIRGIN, J.   After a thorough examination of the evidence in this case, we have no hesitation in saying that the third charge and specification under it are sustained by proof.   We are satisfied of the fraudulent design and conduct of the respondent throughout the transaction on which this charge is based.   His design was to obtain the wrongful possession and use of the household goods and a pretence of title that would serve that purpose; and he did not scruple to avail himself of his wife's name and aid, of Mrs. Haskell's distress and fears, ignorant perhaps but none the less strong, excited in her mind by his own fraud, and of the necessities, and, it may be, the dishonesty of Wm. H. Haskell, as means to accomplish that end.

The account which the respondent gives of the affair, when the whole evidence is reviewed, leaves upon our minds no impression of its truthfulness.   There is nothing in the case to explain Mrs. Haskell's sudden flight from the State, leaving all her personal

property in the respondent's possession, except the willfully false representations made by him ostensibly as a friend, and as one to whom she could trust for knowledge of the law, but really with the corrupt intent to make use of her ignorance and terror, as means to secure his own interest by sacrificing her rights. It is not too much to say that, when the situation and the undisputed facts are considered, the respondent's testimony is so grossly improbable, as a whole and in detail, that it scarcely requires refutation ; while in many parts of it, it is not difficult to draw a clear inference as to what are the facts that lie below the surface of evasion and falsehood.

The narrative of the transaction contained in Mrs. Haskell's testimony is one that it would be exceedingly difficult, if not impossible for her to fabricate. The main features of it, and many of the details, we have no doubt are correct. When its intrinsic credibility and the confirmations that come from other parts of the evidence are considered, it far outweighs the denial of the respondent and the testimony in his behalf, rendered almost incredible, in many respects, by its inherent improbabilities. There is not a sign about the transaction from first to last that it was, what the respondent claims, a *bona fide* business affair. Upon the question whether a lady of the age of Mrs. Haskell for a trifling sum, without fraud, conveyed to a recent acquaintance all her articles of household use and ornaments, including even the little things, which, from long use, to such an owner acquire a value distinct from their real worth, and other articles which were prized as gifts or for the associations connected with them ; upon that question, the auction prices for such goods are of slight weight in estimating probabilities, and render little aid in the search for the true reply.

We regard it as unnecessary, and feel indisposed, to enter more at length into the discussion of the case. The principles of law by which the action of the court is governed in proceedings of this character, have been recently considered in *Penobscot Bar* v. *Kimball*, 64 Maine, 140, and as applicable to the present case could not be more explicitly stated than in that opinion.

The result of a study of the evidence reported, is to convince the court not only that the treatment of Mrs. Haskell by the respondent in the transaction which forms the basis of the charge against him was in the highest degree fraudulent, but that it cannot justly be characterized as less than indecent and cruel; and we believe that the conclusion at which we have arrived is within the limits of reasonable certainty.

Our judgment upon the evidence therefore is that the third charge and the accompanying specification are sustained; that the respondent, prostituting to corrupt uses his professional standing and influence, and in violation of his official oath, by means of false pretences and false advice to Mrs. Haskell, whom he knew was trusting him as a lawyer and a friend, did all in his power to consummate a gross wrong and fraud upon her, of which he himself, directly or indirectly, was to reap the benefit; and we entertain no doubt that, by assuming to advise and act for Mrs. Haskell under the circumstances of this case, he subjected himself in his relations with her to the obligations of an attorney to his client.

Without considering the other charges preferred, the case presented is one which not only warrants, but requires the removal of Daniel W. Proctor from the office of attorney and counselor of this court.

APPLETON, C. J., WALTON, BARROWS and LIBBEY, JJ., concurred.