## In re NEWTON.

(No. 1,201.)

(Submitted October 28, 1902. Decided October 28, 1902.)

*Attorneys — Disbarment — Reinstatement — Application — Sufficiency.*

1. Where an attorney has been disbarred, an application for his reinstatement must be verified, and must set forth the facts touching the proceedings in disbarment, with the reasons why petitioner should .be reinstated, and should comply in all respects with the rules applicable to the admission of attorneys to practice in the first instance.

2. Where it appears from the application for reinstatement and the proofs submitted in support thereof that the larceny, upon conviction of which the petitioner was disbarred, was committed while he was under the influence of intoxicating liquor; that he was never theretofore convicted of any criminal offense; that since disbarment he has become sober and has lived an upright, honorable life; that in the estimation of his fellow citizens and of reputable members of the bar, he is a fit person to be permitted to practice law; and he expresses the utmost contrition for his offense, the same is, under the statute and the rules of the supreme court, sufficient to warrant his reinstatement.

APPLICATION by William Newton for reinstatement as an attorney. Application granted.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The petitioner was disbarred by order of this court on January 11, 1898; it being made made to appear that he had theretofore been convicted of the crime of petit larceny in a justice's court of Silver Bow county. On June 27, 1901 he presented to this court his petition asking that the order of disbarment be vacated for reasons therein stated. This petition was denied, the court being of the opinion that the reasons stated therein were not sufficient to warrant the vacation of the order of disbarment. (25 Mont. 572, 69 Pac. 1131.) On this day he has petitioned the court, through John N. Kirk, Esq., a member of the bar, that he be restored to the rights and privileges of a member of the bar. The court has examined the petition presented, and finds it insufficient to meet the requirements of the statutes and rules of this court, applicable to such cases, in several particulars; among others, in that it is not verified, and in that it fails to state whether any proceedings for disbarment of the petitioner or criminal charges have been instituted or prosecuted against him in any jurisdiction. The court is of the opinion that the petition in such cases should not only set forth the facts touching the proceedings in disbarment in this court, with reasons why the petitioner should be reinstated, but should also in all respects comply with the rules applicable to the admission of candidates to practice law in the first instance.

It is therefore ordered that the proceeding depend, with leave to said Newton on or before December 1, 1902, to file with the clerk and present to the court an amended petition in conformity with the statutes and rules of this court touching applications for admission to the bar, which shall contain such other pertinent matters as he may be advised should properly be embraced therein, and shall be duly verified by the oath of said Newton, and be accompanied by the statements, under oath, of those who may join in the prayer thereof, together with certificates of reputable members of the bar as to the moral stand-

ing and character of the petitioner in the community in which he resides.

---

## ON AMENDED PETITION.

(Submitted December 15, 1902. Decided December 15, 1902.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The petitioner having amended his petition in order to meet the suggestions of this court made upon a hearing had on October 28 of the present year, has this day again submitted his application with his proofs in support thereof. It appearing therefrom that the larceny upon conviction of which the petitioner was disbarred, was committed while the petitioner was under the influence of intoxicating liquor; that he was never theretofore convicted of any criminal offense; that since the order of disbarment was made he has become sober and has lived an upright, honorable life; that in the estimation of his fellow citizens in the community in which he resides and also of reputable members of the bar of this state, he is a fit person to be permitted to practice law in the state; and that he expresses the utmost contrition for his said offense; the court is of the opinion that under the provisions of the statute and the rules of this court, no reason exists why the applicant should not be reinstated to the privileges of his office. It is therefore ordered that said William Newton, upon taking the oath required by law, be re-admitted to practice law as attorney and counselor-at-law in all the courts of this state.