JANUARY TERM, 1919     291

State ex rel. Ols v. Romero, 25 N. M. 290.

1910, and said certificate was not recorded until June 18, 1913, the statute of 1913 (Laws of 1913, c. 84, §§ 36 and 38) applies to such sale and recording, and the owner of the property has three years from the recording of the certificate to redeem. A tender of taxes by the owner on November 16, 1916, is not within the period allowed by the statute for redemption, following Pace v. Wight, 25 N. M. 276, 181 Pac. 430.     P. 294

2. Where the statute provides (Laws of 1913, c. 84, § 36) that the duplicate certificate of the tax sale which has been purchased by the county shall be sold by the collector, and if it cannot be sold at private sale before the regular sale of property for delinquent taxes in the next succeeding year, then it is to be sold at public auction at such delinquent tax sale, the statute does not thereby limit the method of sale to a sale at public auction after the period specified, but the collector and treasurer may sell it at any time at private sale.     P. 296

Appeal from District Court, Torrance County; E. L. Medler, Judge.

Mandamus by the State of New Mexico, on the relation of Mrs. Kathleen Ols and another, against Raymundo Romero, as Treasurer and Collector of Torrance County, N. M. Demurrer to complaint overruled, demurrer to answer sustained, judgment for plaintiffs, and defendant appeals. Reversed and remanded, with directions.

H. B. HAMILTON, of Carrizozo; R. L. HITT, of Willard, and HARRY L. PATTON, Attorney General, for the State.

Fact that certificate of sale was not placed of record until after taking effect of Law of 1913 does not affect the period of redemption which commences to run from date of sale. Hiltscher v. Jones, 170 Pac. 884; C. 22, Sec. 22, L. 1899; Bruno v. Madison, 113 Pac. 1030; Pace v. Wight, not yet reported.

F. FAIRCLOTH, of Santa Rosa, for appellees.

Certificate was not sold and assigned by Treasurer until after three years from the date of sale, hence the sale and assignment is governed by C. 22, L. 1899. C. 134 L. 1905; C. 84, L. 1913; Blackwell v. First National Bank, 63 Pac. 43.

## STATEMENT OF FACTS.

On the 27th day of July, 1917, a complaint was filed in the district court of the state of New Mexico within and for the county of Torrance alleging, among other things, that plaintiffs are the owners in fee simple of lots 11 and 12 in block 37 of the Duran, N. M., town site; that on the 17th day of August, 1912, there was due and owing on said property taxes in the sum of $2.90, for which sum the treasurer· and collector of Torrance county did on the 17th day of August, 1912, execute a certificate of sale for said lands to the county of Torrance; that on the 16th day of November, 1915, the certificate of sale for said lands was sold to John Ulury for the sum of $2.90; that on the 16th day of November, 1916, plaintiff tendered the amount of taxes due on said real estate, together with penalty and interest on said sum, and demanded a certificate of redemption; that the treasurer and collector of Torrance county refused to accept the said sum, and refused to issue plaintiff the certificate of redemption, and still refuses so·to do, and praying that a peremptory writ of mandamus issue commanding the said treasurer and collector to accept the taxes, together with all costs and interest due thereon on said lots 11 and 12, block 37, of the Duran town site, and that the said treasurer and collector issue a certificate of redemption for said lands and real estate.

Defendant demurred to the complaint on the ground that more than three years have elapsed between the date of sale of tax certificate and date plaintiff tendered the amount of taxes.

The demurrer was overruled on the 3d day of December, 1917. The defendant then answered that the property was assessed for taxes in 1910 to unknown owners; that on the 17th day of August, 1912, the property was sold to the county of Torrance as appears from tax sale certificate 484; that the said tax sale certificate was recorded on the 18th day of June, 1913, in Book 6, page 74, of the records of tax sale certificates of Torrance

county; that on the 16th day of November, 1915, he sold and assigned the said tax sale certificate to John Ulury, and that on the 17th day of November, 1915, said assignment of tax sale certificate 484 to John Ulury was recorded by the treasurer of Torrance county, N. M.; that on the 13th day of July, 1916, the treasurer and collector executed and delivered a tax deed to John Ulury for the said lots.

Plaintiff demurred to the answer on the ground that it does not state a defense to the matters and things set up in the complaint for the reason: (1) That on the 18th day of June, 1913, when tax sale certificate No. 484 was recorded, the recording of said certificate was null and void and of no effect for the reason that chapter 22 of the Laws of 1899 and chapter 134 of the Laws of 1905 were repealed by chapter 84 of the Laws of 1913; (2) that the answer shows that certificate was sold and assigned on the 16th day of November, 1915, and that the assignment of certificate was recorded on November 17, 1915, which was not sufficient, as chapter 84 of the Laws of 1913 requires that the assignment and certificate be recorded, and that the owner have three years from the date of such recording of the tax sale certificate in which to redeem said property by paying to the county treasurer for the use of the purchaser or his assigns, the amount of purchase money with interest, together with the taxes which may have been paid upon the property by the purchaser or his assigns; (3) because the treasurer of Torrance county executed a deed to the purchaser on the 13th day of July, 1916, for lots 11 and 12, block 37, of the Duran town site, eight months from the date the certificate was assigned, when such tax deed could not have been executed and delivered until three years from the 17th day of November, 1915, and that said tax deed is null and void and of no effect.

The demurrer to the answer was sustained; the appellant treasurer refusing to plead further. He was then ordered by the court to accept the amount tendered by the appellee and to issue a certificate of redemption to

the appellee. From this judgment the treasurer appealed to this court, and assigns as error the action of the trial court in overruling the appellant's demurrer to plaintiff's complaint and the sustaining of plaintiff's demurrer to the defendant's answer.

## OPINION OF THE COURT.

RAYNOLDS, J. (after stating the facts as above).

[1] The sale of the property in question in this case was made to the county on August 17, 1912, for taxes for the year 1910. The certificate of this sale to the county was not recorded until June 18, 1913. In the meantime chapter 22, Laws of 1899, and chapter 134, Laws of 1905, had been repealed, and the new law, chapter 84, Laws of 1913, had been enacted, providing a method of recording and selling certificates of tax sales. Under the law of 1899 the owner of the property had three years from the date of sale to redeem, and the date of sale was held in Hiltscher v. Jones, 23 N. M. 674, 170 Pac. 884, to be the date on which the property was struck off to the county. And it was further held that the failure to record the certificate had no effect in extending the period of redemption. Since that case was decided the Legislature has enacted a new law in regard to tax sales (Laws of 1913, c. 84), which this court has held in Pace v. Wight, 25 N. M. 276, 181 Pac. 430, decided at this term of court, applies to tax sales where the tax certificate has been bought in by the county, as it has been in the present case. The statute, so far as material in this case, is as follows:

"Sec. 36. When any property shall be struck off to the county as aforesaid, it shall be the duty of the collector to sell and assign the duplicate certificate of such sale to any person who will at any time pay the full face value thereof with accrued interest, and if the same cannot be sold at private sale before the regular sale of property for delinquent taxes in the next succeeding year, such certificate shall be sold at public auction at the time of such delinquent tax sale to the highest bidder for cash by the county collector then in office, but in no case shall such certificate of sale be sold for less than the full amount of the taxes and interest due after notice stating the time and place of sale, a brief description of the property, the amount due and the name of the person

against whom the tax was assessed, or that it was assessed against unknown owners, if such be the case, shall have been published for four consecutive weeks, as provided in section 34 hereof."

"Sec. 38. Upon payment of the amount for which any real estate is sold, the collector shall give to the purchaser a certificate of sale containing a description of the property sold, stating the name of the person or persons to whom the same was assessed, or that it was assessed to unknown owners, as the case may be, the amount paid therefor, and that it was sold for taxes, with the date of sale, and that the sale is subject to the right of the owner to redeem the property within three years by paying the amount paid at such sale with interest thereon at the rate of one per cent. per month, which certificate must be recorded in the office of the county clerk in a book kept for the purpose of recording such certificates. Such former owner may at any time, within three years from the date of recording such certificate, or duplicate certificate, provided for in section 36 hereof, redeem the property by paying to the county collector for the use of the purchaser, or his assigns, the amount of purchase money with interest, as aforesaid, together with any taxes which may have been paid upon the property by the purchaser or his assigns, with interest at the same rate, and such former owner may retain possession of the property until the time of redemption has expired."

The certificate of sale in this case was recorded twice. The certificate of sale to the county was recorded June 18, 1913, and the assignment and certificate of sale from the county to Ulury was recorded November 17, 1915. Appellee maintains that the owner may redeem at any time within three years from the recording of the certificate of sale from the county to Ulury, i. e., three years from November 17, 1915, or until November 17, 1918, and that his tender of taxes on November 16, 1916, was within the period allowed for redemption. We do not so construe the law. The statute allowed three years from the recording of the certificate, and the certificate of sale to the county was recorded on June 13, 1913, giving the owner three years, or until June 14, 1916, in which to redeem, and a tender made, as in this case, on November 16, 1916, was made too late. The fact that the assignment and certificate of sale from the county to Ulury was recorded later does not extend the time of redemption to three years from that date. As we construe the statute, the owner was entitled to three years from the recording of the certificate, and such recording meant

the first recording, and not a subsequent one. The object of the recording was to give constructive notice, and the law was complied with when this notice was given.

[2]   It is also urged that in attempting to sell the certificate to Ulury on November 16, 1915, the treasurer did not comply with the law in regard to such sales, in that he did not sell the certificate at public auction. We hold that the statute does not provide an exclusive method of sale, but by its plain and unambiguous language the treasurer had the right to sell either at private sale or public auction, provided that, when he attempted to sell at public auction, he complied with the statutory requirements as to notice of such public auction.

For the reasons above stated, we believe the trial court erred in allowing appellee to redeem and in ordering appellant to accept the amount tendered and to issue a certificate of redemption, and the case is therefore reversed and remanded, with directions to proceed in accordance with this opinion; and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.