[Civ. No. 3437.  First Appellate District, Division Two.—August 6, 1921.]

In the Matter of the Application of BAR ASSOCIATION OF SAN FRANCISCO v. RUSSELL W. CANTRELL, an Attorney and Counselor at Law.

[1] DISBARMENT—JUDGMENT—POWER OF COURT TO MODIFY.—Whether the judgment entered in a proceeding for the disbarment of an attorney at law is a judgment of disbarment or a judgment of suspension, the court has the right at any future time to modify the judgment and to grant to the accused such relief as he is entitled to.

[2] ID.—PROCEDURE TO OBTAIN MODIFICATION—CONTENTS OF APPLICA- TION.—To obtain a modification of a judgment of disbarment or suspension, the same formal procedure should be followed as in a proceeding of disbarment, and the application should show a history of the case including appropriate recitals as to what was done in court and also what new facts have occurred which render it appropriate that the judgment of disbarment should be modified.

[3] ID.—PROCEEDING TO OBTAIN MODIFICATION—EVIDENCE.—In this pro- ceeding for the modification of a judgment of suspension of an attorney at law, the evidence submitted by the petitioner was sufficient to entitle him to have the suspension set aside.

PROCEEDING for the modification of a judgment of sus- pension of an attorney at law. Judgment vacated.

The facts are stated in the opinion of the court.

Thos. W. Forsyth for Petitioner.

No appearance for Accusant.

STURTEVANT, J.—On the seventeenth day of June, 1921, the petitioner, Russell W. Cantrell, filed a petition in this court asking for a modification of a judgment rendered by this court on the fifth day of October, 1920 (49 Cal. App. 468, [193 Pac. 598]), which judgment ordered the suspension of the petitioner from his office as an attorney for the period of one year; on the same date he prepared a notice of motion directed to "Perry Evans, Esq., Attorney for Accusant," and caused said papers to be served on said attorney on the same day. The notice stated that the motion would be made on the twenty-first day of June, 1921, etc. The petition was not verified. No citation was issued or applied for. On the twenty-first day of June, 1921, at the time and place stated in the notice, the petitioner made his motion through his attorney and the attorney made an informal statement to the court regarding the matter, and offered to read a letter from the district attorney of San Francisco. At this point the court suggested that counsel was proceeding very informally and that the matter should be continued until the eleventh day of July, 1921, and that the matter should, at that time, be presented in accordance with settled rules of law. Thereafter the matter came on regularly for hearing on the day to which it had been continued. The Bar Association did not appear or make any answer and did not offer to participate. The petitioner thereupon called witnesses and tendered some testimony.

The proceedings for removal or suspension of an attorney at law are provided in the Code of Civil Procedure, section 289 et seq. The difference between a judgment of disbarment and one of suspension is a difference of degree only. The procedure is the same. To obtain a judgment, when the accusation is based on the information of a person or persons other than the court, the petition should be verified. (Code Civ. Proc., sec. 290; *Matter of Hotchkiss,* 58 Cal. 39, 41.) When a petition has been filed a citation should be taken out. (Code Civ. Proc., sec. 292.) [1] Whether the judgment is a judgment of disbarment or a judgment of suspension the court has the right at any future time to modify

the judgment and to grant to the accused such relief as he is entitled to. In the case of *In re Burris,* 147 Cal. 370, [81 Pac. 1077], the court decided that relief could be extended to an attorney who had been disbarred. In the case of *In re Tyler,* 71 Cal. 353, [12 Pac. 289, 13 Pac. 169], the court had before it a petition for disbarment. It entered a judgment of suspension (p. 374). Such a judgment was logical because it is an axiom of the law that "the greater [disbarment] includes the less suspension." (Civ. Code, sec. 3536.) The foregoing rules apply to the initial proceeding of disbarment. **[2]** To obtain a modification of such judgment the same formal procedure should be followed. (*In re Newton,* 27 Mont. 182, [70 Pac. 510, 982].) The application should show a history of the case including appropriate recitals as to what was done in court and also what new facts have occurred which render it appropriate that the judgment of disbarment or suspension should be modified. (*In re Newton, supra;* 6 C. J. 615, sec. 98.) The provisions of our Code of Civil Procedure on the subject in hand were copied by North Dakota (Rev. Codes, p. 106, sec. 506), and by Montana (Rev. Codes, vol. 2, p. 52, sec. 6410 et seq.). The decisions of those states are therefore quite helpful on any question that has not been passed on by the courts of last resort in California. In the case of *In re Simpson,* 11 N. D. 526, [93 N. W. 918], an informal application was made to the supreme court of North Dakota. On pages 526 and 527 that court said: "On the 1st day of the September, 1902, term of this court, a motion was made by Honorable Tracy R. Bangs and Honorable John M. Cochrane for the reinstatement of Leslie A. Simpson, who was disbarred for unprofessional conduct by an order of this court dated July 12, 1900. The disbarment proceedings are reported in 9 N. D. 379, [83 N. W. 541]. A similar motion for reinstatement was made at the September, 1901, term of court, and was denied. On the former motion no proof which we could judicially consider was offered, either to contradict or to excuse the unprofessional acts upon which the order of disbarment was based, or to show that the applicant for reinstatement had so altered in character, as a result of the discipline to which he had been subjected, as to render him fit to be intrusted with the privileges pertaining to the office of attorney and counselor at law of this state. The court, however, while denying the

motion, at the same term, in a communication from Chief Justice Wallin, directed to 'the Honorable Seth Newman, president of the State Bar Association, referred the application to said association, and requested that body to conduct an investigation, through its proper officers, touching the present character and fitness of Mr. Simpson to be reinstated, and to report to this court upon the following matters of fact: '(1) To what extent, if at all, has Mr. Simpson engaged in the practice of the law since the entry of the judgment of disbarment?   (2) Is there any tangible evidence that the severe discipline to which Mr. Simpson has been subjected has had the effect of producing a change of his character, in such a way that he would, if re-admitted to the practice of law, conduct himself hereafter with reference to proper ethical and professional standards of conduct?   (3) Has Mr. Simpson been so far humbled by the discipline of disbarment that he is willing, freely and without reservation, to admit upon the records of this court that he was guilty of the offenses charged against him, and that in disbarring him the court proceeded upon proper grounds and with proper motives?   (4) Does Mr. Simpson sincerely. regret his attitude and conduct towards the court and opposing counsel, as manifested during the progress of the disbarment proceedings?   (5) Are there any financial obligations, growing out of the subject matter of the charges against Mr. Simpson, which remain undischarged?' ''

The fourth element, as stated by Chief Justice Wallin of North Dakota, does not enter into the facts presented in this case.   As to the other elements stated by Chief Justice Wallin, the petitioner has presented evidence which is responsive to each of the issues framed by that learned authority.   The procedure of the petitioner in this case contained certain irregularities which we are not to be understood as approving.   The irregularities referred to have not been presented to us and we have not been called upon to rule thereon.   None of them is of such importance as to defeat the petitioner's right to relief.   [3]   The evidence which he has submitted is sufficient in our judgment to entitle him to have the suspension set aside.

It is ordered, therefore, that the judgment of the fifth day of October, 1920, be and the same is hereby vacated.

Langdon, P. J., and Nourse, J., concurred.