[No. 2757.   Jan. 19, 1924.]

LEWIS v. TIPTON et al.

SYLLABUS BY THE COURT·

1.   Where a tax sale for taxes for the years 1898 and 1899 had been made to the county, and a tax certificate of sale had been issued in 1900, but was not recorded, as required by chapter 84, Laws 1913, until January 2, 1919, a tax deed issued in pursuance of such tax sale certificate before the expiration of three years after such recording of such certificate was prematurely issued, and void, and conveyed no title to the grantees.

2.   Section 38 of chapter 84, Laws 1913, extending the time for the redemption from tax sales made to the county, does not antagonize section 32 of article 4, of the Constitution, which prohibits the postponement of obligations or liabilities to the state.

3.   An exception in the lower court to the conclusions of law and the decree as follows:   "To all of which each party excepts"—preserves, ordinarily, no question for review in this court.

Appeal from District Court, Eddy County; Brice, Judge.

Action by J. W. Lewis against Allen Tipton and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Dover Phillips, of Carlsbad, for appellants.

J. M. Dillard, of Carlsbad, for appellee.

OPINION OF THE COURT

PARKER, C. J. The plaintiff below, appellee here, recovered a judgment against the defendant below. appellant here, quieting his title to certain tracts of land in Eddy county. Plaintiff's title was based upon a tax deed made in pursuance of certain tax sale certificates issued upon a tax sale for taxes for the year 1910. These tax sale certificates were recorded October 1, 1913, and were assigned to the plaintiff on March 19, 1918, by Eddy county, to whom the sale had been made. On April 3, 1919, the treasurer of the county issued his tax deed to the plaintiff covering the land in question. All of the tax proceedings were regular. That under such circumstances, plaintiff took a good title under the tax deed seems to be beyond question.

The title of the defendant is based upon a tax deed dated December 30, 1918, made in pursuance to a tax sale certificate issued for delinquent taxes for the year 1898 and the first half of 1899, said sale having likewise been made to the county of Eddy. This sale certificate was dated July 21, 1900, and was recorded January 2, 1919, and was assigned by Eddy county to the defendant December 30, 1918. The tax deed under which the defendant claims was dated December 30, 1918.

It is apparent, therefore, that the deed to the defendant was issued by the treasurer of Eddy county before the tax sale certificate, in pursuance of which the deed so issued, had been recorded, and the court held that the deed was prematurely issued, and was void.

We have quite recently examined the question involved, and have held that, under chapter 84, Laws 1913, no tax deed can be issued in pursuance of a tax sale certificate until three years after the date of recording the certificate. See Crawford v. Dillard 26 N. M. 291, 191 Pac. 513. See, also, Pace v. Wight, 25 N. M. 276, 181 Pac. 435, and State v. Romero, 25 N. M. 290, 181 Pac. 435, where we held that the act of 1913, above

mentioned, had retroactive operation in all cases where the certificates of sale were held by the county when this 1913 act went into effect. We further held in the Crawford-Dillard Case that chapter 78, Laws of 1915, and chapter 80, Laws of 1917, had prospective operation only, and had no effect upon tax sales made prior to their enactment.

[1] 1. We have, then, a case where the plaintiff claims under a tax deed issued in pursuance of a tax sale certificate which had beeen recorded more than three years prior to the date of the deed, as is required by the act of 1913, and having thereby acquired a perfect legal title. In the case of the defendant, who is holding under a tax deed issued in pursuance of a tax sale certificate, which certificate had not been recorded for three years prior to the issuance of the deed, as it required by said act of 1913, his deed was prematurely issued, and is clearly void under the authorities above cited.

[2] 2. Counsel for the defendant presents here, for the first time, the question as to whether the act of 1913, as construed by the court, is not unconstitutional because violative of section 32 of article 4 of the Constitution, which provides that:

"No obligation or liability of any person, association or corporation, held, or owned by or owing to the state or any municipal corporation therein, shall ever be exchanged, transferred, remitted, released, postponed, or in any way diminished by the Legislature, nor shall any such obligation or liability be extinguished except by the payment thereof into the proper treasury, or by proper proceeding in court."

That this court will not ordinarily decide a question which has not been presented to the court below and decided by it is the thoroughly established doctrine in this jurisdiction. In regard to a question as to the constitutionality of a statute, the general doctrine is that such question falls within the general rule, and that it must be presented to the court below, or it will not be considered in an appellate court. 3. C. J. Appeal and error, §608. There are, however, some well-recognized

exceptions to this rule, as, for instance, where the question is jurisdictional in its nature. State v. Diamond, 27 N. M. 477, 202 Pac. 988, 20 A. L. R. 1527. Another exception quite generally recognized is that, where the question is of a public nature, and of public interest to the people of the state generally, it may, and ordinarily will, be considered by the appellate court. The question in this case may be assumed to be of this latter character. First National Bank v. McBride, 20 N. M. 381, 149 Pac. 353, Price Shoe & Clo. Co. v. McBride, 20 N. M. 409, 149 Pac. 362.

Section 38 of chapter 84, Laws of 1913, provides as follows:

"Such former owner may at any time, within three years —from the date of recording such certificate, or duplicate certificate, provided for in section 36 hereof, redeem the property by paying to the county collector for the use of the purchaser, or his assigns the amount of the purchase money with interest, as aforesaid, together with any taxes which may have been paid upon the property by the purchaser or his assigns, with interest at the same rate, and such former owner may retain possession of the property until the time of redemption has expired."

The argument of counsel proceeds upon the theory that the tax upon land is an obligation or liability within the meaning of the constitutional provision above quoted, and that to extend the time for the redemption from a tax sale theretofore made is to postpone such obligation or liability, and thus antagonize the constitutional provision. A single consideration will be sufficient to demonstrate that the constitutional provision has no application to the present situation. When the state or county bids in a piece of real estate at a tax sale, the property is bid in for the amount of the taxes then due. So far as the taxpayer is concerned, all of his obligations to the state are settled and discharged. The money due from him is paid, and the state has no further claim upon him. Of course, the state is not in the real estate business, and it is undesirable that the lands of a citizen shall become the state's property, and hence it is that everywhere pro-

vision is made for the redemption from tax sales. Provisions of this kind are essentially provisions for the release and transfer back to the original owner of his property upon the condition he pay the state the amount with which the property was formerly charged. When the owner of property redeems the same from tax sale, he has not discharged any obligation or liability to the state, but is in effect buying back his property upon the terms and conditions prescribed by the state. It it apparent, therefore, that the constitutional provision has no application.

[3] 3. But for the public nature of the question mentioned in the preceding paragraph, we would decline to consider any question in this case, for the reason that no proper exceptions were saved in the court below, there being simply a general stereotyped exception to the conclusions of law and to the decree evidently inserted by the court itself, in the following words: "To all of which each party excepts." There is no request for what were deemed to be proper conclusions of law, and no suggestion as to any error in the judgment. Such an exception, under these circumstances, presents no question to this court for review.

It follows from all of the foregoing that the judgment of the district court is correct, and should be affirmed; and it is so ordered.

BRATTON and BOTTS, JJ., concur.