[No. 3168. Jan. 8, 1929.]

MOORE et al. v. BRANNIN.

[274 Pac. 50.]

See, also, 255 P. 395.

L. S. Wilson, of Raton, for appellants.

J. Leahy, of Raton, for appellee.

## OPINION OF THE COURT

WATSON, J. ■ The judgment in this cause was rendered upon findings of fact and conclusions of law. No exceptions of any kind were taken. So the findings cannot be reviewed. Stumpf v. Pohle, 28 N. M. 606, 216 P. 498. If any errors of law were committed, appellant has failed to indicate in what manner the attention of the trial court was called to such errors or different rulings invoked.

"The complaining party must fully advise the trial court of his theory of the law or facts, so that the court may be able to rule intelligently, and the party in the trial court receive the relief to which he is entitled."

Garcia v. Silva, 26 N. M. 421, 193 P. 498.

■ These obstacles to a review are sought to be overcome by showing that, after hearing and argument, the cause was taken under advisement, and that the findings, conclusions, and judgment were arrived at and entered without notice to appellant. The fact is urged, both as an excuse for failure to take exceptions and as reversible error. Code 1915, § 4229, provides for notice to counsel before entering judgment or order in a cause which has been taken under advisement. We have held that the remedy in case of a failure to give such notice is by motion to set such judgment or order aside for irregularity. Code 1915, § 4230; McKinley County Abstract & Inv. Co. v. Shaw, 30 N. M. 517, 239 P. 865.

No questions having been presented of which this court can, under its practice, take cognizance, the judgment must be affirmed and the cause remanded.

It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.