[No. 3286.    June 21, 1929.]

SANTA BARBARA TIE & POLE CO. v.
MARTINEZ.

[279 Pac. 71.]

F. T. Cheetham, of Taos, and Reid, Hervey & Iden, of Albuquerque, for appellant.

Renehan & Gilbert, of Santa Fe, and A. C. Voorhees, of Raton, for appellee.

### OPINION OF THE COURT

CATRON, J.    This suit was originally brought by Alexander Gusdorf and N. B. Laughlin against Virginia Gonzales de Martinez, the Santa Barbara Tie & Pole Company, and several other defendants.    It had for its principal object the quieting of plaintiff's title to certain lands, including the "Ojo Caliente," within the Rancho del Rio Grande grant.    Defendant Virginia Gonzales de Martinez filed an answer and cross-complaint, as did also the Santa Barbara Tie & Pole Company.    There were several answers and cross-complaints by other defendants, but they are not material to this appeal.    Virginia Gonzales de Martinez also filed an answer to the cross-complaint of the Santa Barbara Tie & Pole Company, to

which said company filed a reply. It would appear from the record that the only persons who litigated their rights were the Santa Barbara Tie & Pole Company and Virginia Gonzales de Martinez. Just prior to the commencement of the trial, W. C. Reid, Esq., counsel for the Santa Barbara Tie & Pole Company, announced that, inasmuch as the original plaintiffs had sold their right to the Santa Barbara Tie & Pole Company, thereby said company became the plaintiff.

The issues tried are presented by the cross-complaint of Virginia Gonzales de Martinez, the cross-complaint of the Santa Barbara Tie & Pole Company, the answer of defendant Virginia Gonzales de Martinez to said cross-complaint, and the reply of the Santa Barbara Tie & Pole Company. The record does not disclose that issues were specifically joined on the cross-complaint of Virginia Gonzales de Martinez, but both the court and the litigants proceeded upon the theory that issues had been fully joined by the foregoing pleadings and that the relief sought by each of the litigants was to establish and quiet their respective titles to certain lands, including the "Ojo Caliente," within a Spanish land grant.

The answer of Virginia Gonzales de Martinez denies the allegations contained in the cross-complaint of the Santa Barbara Tie & Pole Company in so far as the lands therein described conflict with two tracts of land described in said answer, as amended, which include the "Ojo Caliente" or hot springs and in both her cross-complaint and answer to the cross-complaint of the Santa Barbara Tie & Pole Company she affirmatively pleads that she is the owner in fee simple of the said two tracts and further pleads title under Section 3364 of the 1915 Codification by virtue of the statute of limitations therein contained and also by virtue of the general statute of limitations as it existed prior to the 16th day of March, 1899, and· also by virtue of Section 3365 of the 1915 Codification and the statute of limitations therein contained. The reply simply denies the new matter contained in cross defendant's answer.

After the closing of proofs by all parties, the court took the case under advisement and on the 30th day of

November, 1926, gave notice to counsel for the various parties that he would on the 13th day of December, 1926, enter final judgment in said cause in chambers at Las Vegas, New Mexico.

The record further discloses that W. C. Reid, Esq., attorney for the Santa Barbara Tie & Pole Company, on the 9th day of December, 1926, mailed certain requested findings of fact and conclusions of law to the trial court, which were denied, but the transcript of record before us does not contain the said requested findings and conclusions of law.

The court made six findings of fact and five conclusions of law and thereon rendered final judgment in favor of Virginia Gonzales de Martinez, establishing and quieting her title to the lands described in said judgment, which said final judgment contained the following:

"To all of which the defendant, the Santa Barbara Tie & Pole Company, objects and excepts."

From this judgment, the Santa Barbara Tie & Pole Company has appealed and has in this court assigned seven grounds of error, the first of which is directed to finding of fact number 3. Numbers 2, 3 and 4 are directed to conclusions of law numbers 1, 3 and 4 respectively. Numbers 5 and 6 are directed to paragraphs 1 and 2 of the decree proper and number 7 is to the effect that the court erred in not finding in favor of the Santa Barbara Tie & Pole Company.

At the very threshhold of this case we are confronted with an insurmountable barrier. Appellee contends that the questions sought to be raised by the appellant under the various assignments of error were not properly preserved in the court below and were not presented to the trial court; that, therefore, there is nothing before this court for review.

This court has repeatedly held that questions, points, issues and matters which are not jurisdictional, not raised, presented or passed upon below are not reviewable on appeal. Park v. Milligan 27 N. M. 96-99, 196 P. 178, (and cases therein cited).

We have also held that, under the long established rule of this court, we cannot review the findings of fact or conclusions of law of the trial court unless specific exceptions or objections are made thereto, calling the attention of the trial court to the errors inherent therein so that the court may rule intelligently upon the questions presented. Kemp v. Williams, 30 N. M. 299-300, 232 P. 1078; Collins v. Unknown Heirs of Finical, et al., 29 N. M. 140-142, 219 P. 491; Stumpf v. Pohle 28 N. M. 606-607, 216 P. 498; Garcia v. Silva 26 N. M., 421-423, 193 P. 598; Alvarado Mining and Milling Co. v. Warnock, 25 N. M. 694-696, 187 P. 542.

A careful examination of the record before us fails to show that appellant called the trial court's attention to the questions here sought to be raised by its assignments of error, either by motion, specific objections or exceptions or any other appropriate manner.

We must, therefore, hold that the questions here urged by appellant do not present any question for review.

We are not unmindful that we have heretofore recognized certain exceptions to the foregoing rules, but this case does not fall within any of them.

Finding no reversible error, the judgment of the trial court will be affirmed and it is so ordered.

BICKLEY, C. J., and SIMMS, J., concur.

PARKER and WATSON, JJ., did not participate.