[No. 3622. Nov. 2, 1931.]

OBERG v. OBERG.

[4 Pac. (2d) 918.]

George W. Prichard, of Santa Fe, for appellant.

E. R. Wright, of Santa Fe, for appellee.

OPINION OF THE COURT

BICKLEY, C. J.

The parties, husband and wife, separated on account of difficulties and entered into an agreement further effectuated by conveyances whereby each became invested with certain property without incumbrance of any claim of the other growing out of the marriage relation. Later appellee brought suit for divorce on the ground of cruel and inhuman treatment and nonsupport and for alimony. The appellee, the wife, prevailed, and the court awarded to her certain real estate and personal property as alimony. A portion of such award consisted of certain real estate which appellee had conveyed to appellant as a part of the separation settlement. There is conflict of claim and testimony as to the integrity of this separation settlement and agreement. . The appellee claims that the conveyance of the real estate to her husband was induced by

the duress of threats and her fear of evil consequences to her instigated by her husband if she resisted his demands for such conveyance. The husband, appellant, resisted stoutly such evidence with his own testimony to the effect that no duress was employed and that the conveyance was entirely voluntary.

The court regarded this controversy between the parties as to the separation agreement as immaterial to the main issue in the case, and indicated his view that, assuming that the conveyance from Mrs. Oberg to her husband is unassailable, it was within the power of the divorce court to deal with it as the property of the husband and award it to the wife as alimony if the facts of the case warranted an alimony decree in favor of the wife. Appellee relies upon section 68-506 and 68-507, Comp. 1929, to support the decision of the court.

The findings and conclusions made by the court support the judgment. They are in part to the effect that appellee had established her grounds for divorce and made specific findings as to acts of misconduct and cruel and inhuman treatment by appellant and also that appellant had failed and refused to support appellee, and concluded as a matter of law that appellee was entitled to the divorce and that certain specific real and personal property should be allowed to appellee as alimony.

 ██ The findings and conclusions are set forth in the judgment which concludes as follows:

"To all of which the defendant by his counsel duly excepts."

The appellant requested certain findings and conclusions, which the court refused. None of them challenge the sufficiency of the evidence to support the findings of fact made by the court. In no manner did the appellant challenge the sufficiency of the evidence to support the decree of divorce or reasonableness of the alimony decree.

The grounds for reversal are thus stated in appellant's brief:

"First—that the Court erred in decreeing a divorce to the appellee, and

"Second—the Court erred in rejecting the separation contract and the deed of conveyance of the appellee to the appellant."

As to the first, it is merely said that "the facts speak for themselves." This we take to be a challenge to the sufficiency of the evidence to support the court's findings. As heretofore shown, the record presents no such question for review. See McGonigle v. Eagle Town-Site Co., 25 N. M. 625, 187 P. 546; Stumpf v. Pohle, 28 N. M. 606, 216 P. 498; Santa Barbara Tie & Pole Co. v. Martinez, 34 N. M. 181, 279 P. 71.

As to the second, it seems to be appellant's view that the property settlement made by the parties by their separation agreement was binding upon the parties, and that the court had no power to deal with property of appellant acquired thereby in a divorce suit.

The only possible basis in the record for such an argument is a clause in the "agreement" as follows:

"It is further understood and agreed between the parties hereto that in case either party shall apply for a divorce, the wife will not claim anything from the first party by way of alimony, suit money, attorneys' fee etc., and said second party hereby releases first party from his obligation of support etc."—

and the appellant's requested conclusion of law No. 1, as follows:

"That the separation agreement above referred to, and the conveyances made thereunder are binding on each of the parties thereto."

This proposition is suggested in appellant's brief, but not strongly urged, and no authorities are cited. Whether such an agreement would be invalid as an attempt to oust the divorce court of its jurisdiction, and as against public policy, would be worthy of consideration if the point were adequately presented.

As to the questions decided by the trial court and properly before us, we find no error in the judgment.

It will therefore be affirmed, and the cause remanded, and it is so ordered.

WATSON and PARKER, JJ., concur.

SADLER and HUDSPETH, JJ., did not participate.