87 P.2d 675

**TORRES et al. v. THOMPSON.**

No. 4329.

Supreme Court of New Mexico.

Feb. 15, 1939.

I. V. Gallegos, of Albuquerque, for appellants.

C. C. McCulloh, of Santa Fe, for appellee.

ZINN, Justice.

Appellants, as trustees of the Chilili Land Grant, brought an action in the district court against appellee, in form, as a suit in ejectment to determine title to a small tract of land alleged to be the property of appellants, and also for injunction to restrain appellee from trespassing upon and making unlawful use of the land.

The case was tried to the court without jury, and at the close of the case the court found that appellants had not established their case upon any theory and were not entitled to relief. Judgment for appellee was entered accordingly.

No findings of fact were requested by appellants. To preserve any questions for review this should have been done. McCulloh v. Doyle, 40 N.M. 126, 55 P.2d 739.

No exception was taken to findings and conclusion of the court beyond the general formal exception entered in the judgment itself. This forms no basis upon which to predicate error on appeal. Lewis v. Tipton, 29 N.M. 269, 222 P. 661; Moore v. Brannin, 33 N.M. 624, 274 P. 50; Reagan v. Dougherty, 40 N.M. 439, 62 P.2d 810.

In addition to these fundamental procedural errors we find that appellants filed no assignment of errors nor did they incorporate any assignment of errors in their brief. Appellants cite a number of cases in their brief without pointing out their application to any question or questions sought to be reviewed. A brief should specify the error complained of and there must be assignments, otherwise there is nothing before the court to review. Rhodes v. First National Bank, 35 N.M. 167, 290 P. 743; Weggs v. Kreugel, 28 N.M. 24, 205 P. 730; Supreme Court Rule XV, Secs. 14 and 15.

It is not the province of this court to read the transcript and search for error. Appellants should have formulated a definite theory of error and have made proper assignments and argued therefrom.

"It is not the duty of this court to search for error not specially pointed out." Rhodes v. First National Bank, 35 N.M. 167, 290 P. 743, 744.

There being nothing here for the court to review, the judgment will be affirmed.

It is so ordered.

BICKLEY, C. J., and SADLER, and MABRY, JJ., concur.

BRICE, J., did not participate.