126 P.2d 289

**CLOUSER v. CLOUSER.**

No. 4655.

Supreme Court of New Mexico.

May 20, 1942.

Otto Smith, of Clovis, for appellant.

James C. Compton, of Poratles, for appellee.

MOISE, District Judge.

Appellant and appellee were husband and wife. Upon separating a property settlement was entered into between them. Thereafter, appellant brought suit for a divorce on the grounds of incompatibility, and asking that the property settlement be approved by the Court. Appellee filed an answer and cross-complaint in which she asked for a divorce and that the property settlement be set aside because entered into by her without having obtained independent legal advice as to her rights, and that she be decreed half the community property.

Upon trial before the Court, a divorce was granted to appellant, the property settlement was set aside and a judgment was entered for payment by appellant to appellee of the sum of $385 and one-half of the attorney fees which were fixed at $150. Appellant appeals from that part of the judgment ordering him to pay $385 and one-half the attorney fees.

Concerning the property settlement, the Court made the following finding of fact:

"That the property settlement entered into between plaintiff and defendant on the 29th day of July, 1939, was the contract of the plaintiff and that the defendant executed the same without having consulted an attorney of her choosing, did not have in-

dependent legal advice, that the consideration therein was inadequate and that plaintiff failed to fully disclose all community property to the defendant at the time of the execution thereof, and that by reason thereof said contract should be cancelled and set aside," followed by a conclusion of law as follows: "That the property right contract entered into between said plaintiff and defendant on the 29th day of July, 1939, should be cancelled and held for naught."

Appellant, in his brief, outlines the elements necessary to sustain a property settlement, one of which is adequacy of consideration, and argues that these elements were present in the instant case. Suffice it to say, that in the finding of fact quoted above, the Court has found to the contrary.

Only a general exception was taken to the findings. The appellant now would have the Court examine the testimony to determine if the consideration received was adequate, or if the Court based its findings upon a view that if appellee did not receive half the community property, the settlement should be set aside. In order to do this the Court would have to examine the evidence to determine whether or not it supports the findings. This cannot be done. Oberg v. Oberg, 35 N.M. 601, 4 P.2d 918; McColloh v. Doyle, 40 N.M. 126, 55 P.2d 739; Torres v. Thompson, 43 N.M. 160, 87 P.2d 675.

Appellee has filed a motion to have attorney fees on appeal taxed as costs.

Appellant concedes that it would be proper under the circumstances of the case, and the previous decisions of this Court. Accordingly, the sum of $100 has heretofore been allowed as attorney fees on this appeal to the appellee; which sum shall be the full allowance for such services.

The judgment being supported by the findings of fact and conclusions of law, the same should be affirmed, and

It is so ordered.

BRICE, C. J., and ZINN, MABRY, and BICKLEY, JJ., concur.